604 A.2d 1230

**David THOMAS, Appellant,**

v.

**BOROUGH OF BLOSSBURG and Island Park Recreation Center, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1991.

Decided March 5, 1992.

Thomas A. Marino, for appellant.

Raymond E. Ginn, Jr., for appellees.

Before DOYLE and McGINLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

David Thomas appeals an order of the Court of Common Pleas of Tioga County granting summary judgment to the Borough of Blossburg (Borough).

On May 13, 1986, Thomas was injured while playing softball on a field owned by the Borough; the field is part of a recreational facility known as the Island Park Recreation Center. Thomas' injury occurred while he was chasing a fly ball during a softball game and struck his knee on a bolt protruding from a fence surrounding the playing field. He alleges that he suffered serious and permanent damage to his knee as a result of the injury.

After filing a praecipe for writ of summons, Thomas filed a complaint against the Borough on January 13, 1989, averring that the Borough negligently created a dangerous condition in the fence surrounding the softball field when it allowed the bolt to protrude into the playing area. In response, the Borough asserted in its answer, *inter alia*, that it was immune from liability under what is commonly referred to as the Recreation Use of Land and Water Act (RULWA).[1] Following discovery, the Borough filed a motion for summary judgment claiming immunity under the RULWA. The trial court concluded that the Borough was shielded by the RULWA because the softball field was

1. Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477-1 through 477-8.

"land" within the meaning of the RULWA, softball is a recreational activity, and Thomas did not pay a fee to use the softball field. Therefore, the trial court granted the Borough's motion for summary judgment and dismissed Thomas' complaint. This appeal followed.[2]

Thomas contends that (1) the RULWA does not apply to the softball field, and (2) the trial court erred in granting summary judgment because there is a question of material fact as to whether the Borough charged a fee for use of the softball field.

We recognize first that in ruling on a motion for summary judgment, a court must accept as true all well pled facts, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Benefiel v. Pennsylvania Board of Probation and Parole*, 57 Pa.Commonwealth Ct. 401, 426 A.2d 242 (1981). Summary judgment may only be granted where there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.

In *Seiferth v. Downingtown Area School District*, — Pa.Commonwealth Ct. ——, 607 A.2d 757 (1992), we held that a lacrosse field was improved land and, therefore, outside the immunity protection of the RULWA. We concluded in *Seiferth* that the lacrosse field was improved land for several reasons: (1) the field was specially constructed and engineered for athletic competition; (2) the field required regular maintenance; (3) the field was built in a manner that enhanced the land's utility and adapted it for a new purpose; and (4) the field was small in size and thus was easy to keep in a safe condition. Our decision in *Seiferth* is primarily based on two decisions rendered by our Supreme Court, *Rivera v. Philadelphia Theological*

2. On July 8, 1991, the Borough filed a motion to quash or dismiss Thomas' appeal for failure to file a reproduced record. On July 17, 1991, we entered an order requiring Thomas to file a reproduced record before July 23, 1991, or his petition for review would be dismissed. Thereafter, Thomas filed a reproduced record and, on July 17, 1991, we denied the Borough's motion to dismiss.

*Seminary,* 510 Pa. 1, 507 A.2d 1 (1986), and *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991).

In *Rivera,* our Supreme Court determined that the Legislature intended to limit the application of the RULWA to outdoor recreation on unimproved land. The *Rivera* Court acknowledged that the owner of a large tract of rural land who opens his or her property for recreational use is in need of the protection of the RULWA because of the impracticability of making such tracts safe for recreational use. In contrast, small recreational facilities are relatively easy to monitor for safety hazards and, thus, were viewed as not deserving of the protection of the RULWA. *See e.g., Rivera* (indoor swimming pool); *Seiferth* (lacrosse field).[3]

This approach was further developed by our Supreme Court in *Walsh.* As in *Rivera,* the *Walsh* Court held that when an owner allows free and indiscriminate access to his or her *unimproved land* for recreational purposes, the owner is immune from liability for injuries to persons using the owner's property. The specific issue in *Walsh* was whether the City of Philadelphia could claim immunity under the RULWA for injuries sustained by a person injured on a cement inner-city playground. The *Walsh* court concluded that the playground was improved land and, therefore, held that the City of Philadelphia was not entitled to the protection of the RULWA. Further, the *Walsh* court delineated this test to determine whether a recreation facility is improved land:

> When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements.

**3.** The *Rivera* Court cited with approval an article on the recreational use act of the State of Washington, Barrett, *Good Sports and Bad Lands: The Application of Washington's Recreational Use Statute Limiting Landowner Liability,* 53 Wash.L.R. 1 (1977). This article cited a case which held that a three-acre ball field was beyond the protection of Washington's recreational land use statute. *Rivera,* 510 Pa. at 15–16 n. 27, 507 A.2d at 8 n. 17.

*Id.*, 526 Pa. at 238, 585 A.2d at 450.[4]

■ In the present case, the record reveals only that the land in question is a softball field with a fence lining the boundary of the outfield. There is no evidence in the record concerning the design, construction, or maintenance of the softball field or of the Island Park Recreation Center of which it is a part. The record does not even contain a physical description of the Island Park Recreation Center or of the softball field. Hence, the record is devoid of the facts required to apply the analysis contained in *Walsh* and *Seiferth.* Therefore, because there are insufficient facts of record to determine whether the softball field is improved land outside the protection of the RULWA, and hence insufficient facts to determine whether the Borough was entitled to summary judgment as a matter of law under Pa.R.C.P. No. 1035, the trial court erred in granting summary judgment.[5]

■ Thomas also contends that there is a question of material fact concerning whether a fee was paid to the Borough for the use of the softball field. Section 6(2) of the RULWA, 68 P.S. § 477–6(2), revokes the immunity protections of the Act when the land owner charges a fee for the recreational use of his or her land. Thomas admit-

---

**4.** Neither *Rivera* nor *Walsh* defines an improvement to real property. In *Seiferth,* however, we referred to the definition of "improvement to real property" contained in *Black's Law Dictionary,* 682 (5th ed. 1979), cited with approval by our Supreme Court in *McCormick v. Columbus Conveyor Co.,* 522 Pa. 520, 564 A.2d 907 (1989); that definition is as follows:

> [a] valuable addition made to property (usually real estate) or an amelioration in its condition ... *costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes....*

*McCormick,* 522 Pa. at 524, 564 A.2d at 909 (emphasis added).

**5.** The trial court and the Borough cite to *Lowman v. Indiana Area School District,* 96 Pa.Commonwealth Ct. 389, 507 A.2d 1270 (1986), to resolve the issue of whether RULWA applies to the facts here. We note first that *Lowman* was decided much prior to *Walsh.* Second, the ball field in *Lowman* contained not only a fence, but also bleachers and a backstop, the former of which would obviously require regular maintenance. Thus, *Lowman* is distinct from the case *sub judice,* insofar as the facts pertaining to the ballfield are known.

ted that he paid no fee to use the softball field and he testified that, to the best of his knowledge, no one else paid such a fee either. He argues, however, that a question of material fact is raised in regard to this issue because the May 1978 minutes of the Blossburg Recreation Board indicate that some softball teams paid fees to use the softball field.[6] The Borough, in its amended answer, alleged that no fee had been charged to anyone. Since Thomas failed to counter this allegation in any manner permitted by Pa. R.C.P. No. 1035, (and in a deposition he testified that no fee was charged) we hold that for purposes of the summary judgment motion the trial court could properly assume no fees had been paid.[7]

Accordingly, we reverse the trial court's grant of summary judgment and remand for further proceedings to determine, on the basis of *Walsh* and *Seiferth*, whether the softball field in question is improved land and, thus, protected by the immunity provisions of the RULWA.

## ORDER

NOW, March 5, 1992, the order of the Court of Common Pleas of Tioga County in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

SILVESTRI, Senior Judge, concurring and dissenting.

Consistent with Pa.R.C.P. No. 1035(b), our inquiry into the grant of summary judgment motions focuses on whether there are genuine issues of material fact. I concur with the decision to reverse but object to the instructional wording in the majority opinion concluding we must "remand for further proceedings to determine, on the basis of *Walsh* and

6. These minutes were attached to the Borough's Amended Answers to Thomas' Interrogatories and Request for Production of Documents.

7. Even if the 1978 minutes are considered, that document would not demonstrate that a fee was charged in 1986 when Thomas was injured.

*Seiferth,* whether the softball field in question is improved land and, thus, protected by the immunity provisions of the RULWA."

In *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Superior Ct. 198, 280 A.2d 570 (1971), the Superior Court summarized the purpose of appellate function in considering summary judgment. We are to:

[A]ccept as true all well-pleaded facts in the non-moving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and *in passing upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried* and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. (Emphasis added.)

I agree that the record is sparse in facts; however, where the record is sparse in material facts necessary to determine summary judgment, a denial thereof is mandated. Where we reverse the grant of summary judgment, it is not our function to remand for the purpose of proceeding further with the original summary judgment motion.[1]

Accordingly, I would simply reverse the trial court.

---

1. Reversal of a motion for summary judgment based upon immunity does not preclude the moving parties from raising immunity at a subsequent point in the proceedings. *In re Upset Sale of Properties (Skiba),* 522 Pa. 230, 560 A.2d 1388 (1989).