Terry D. BASHIOUM and Michael J. Bashioum, her husband, Appellants,

v.

COUNTY OF WESTMORELAND.

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1999.

Decided March 6, 2000.

Timothy G. Wojton, Pittsburgh, for appellants.

John B. Cromer, Pittsburgh, for appellee.

Before PELLEGRINI, J., and FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Terry D. Bashioum (Terry) and Michael D. Bashioum, wife and husband, (collec-

tively, Plaintiffs) appeal from an order of the Court of Common Pleas of Westmoreland County (trial court) which granted Westmoreland County's (the County) summary judgment motion. We reverse.

On August 20, 1995, Plaintiffs went to Mammoth Park which is owned by the County. Mammoth Park consists of approximately 400 acres of largely unimproved land and is held open to members of the public for recreational use without charge. Located in Mammoth Park is the Giant Slide which is 96 feet long and which is owned and operated by the County. The Giant Slide is regularly maintained by the County. It is inspected daily May 1 through September 30 of each year with general maintenance occurring every Monday, Friday, Saturday, and Sunday, and/or as needed. It is not disputed that the Giant Slide demands intensive safety inspecting and above normal maintenance. On August 20, 1995, Terry got a sheet of wax paper, climbed on the slide and went down. At the bottom, she landed on her feet on the rubber safety pad at the bottom of the slide. However, her forward momentum caused her to fall forward, breaking one of her wrists.

The Plaintiffs sued the County. The County moved for summary judgment based on the defense of immunity granted under the Act of Feb. 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§ 477–1–477–8, commonly known as the Recreation Use of Land and Water Act (RULWA). The trial court granted summary judgment in favor of the County. The trial court reasoned that because Mammoth Park is largely unimproved land, notwithstanding the presence of the Giant Slide, the RULWA is applicable because the Giant Slide is merely an ancillary structure pursuant to *Rivera v. Philadelphia Theological Semi-*

*nary,* 510 Pa. 1, 507 A.2d 1 (1986). From the trial court's order granting the County summary judgment, the Plaintiffs now appeal to this court.[1]

The sole question presented in Plaintiffs' brief is whether the County, owner of largely unimproved recreational land, which improves its land by erecting a sophisticated 96–foot long Giant Slide, that requires intensive safety inspections and above normal maintenance, may escape liability from suit under RULWA. *See* Plaintiff's brief at 3.

RULWA essentially provides immunity for landowners that open their land to the public without charge for recreational purposes. Specifically, RULWA provides that

[e]xcept as specifically recognized or provided in section 6 of this act [68 P.S. § 477–6], an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such persons the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons.

1. Appellate review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Brown v. Tunkhannock Township,* 665 A.2d 1318 (Pa. Cmwlth.1995), *allocatur denied,* 544 Pa. 636, 675 A.2d 1252 (1996). Moreover, summary judgment may be granted only in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Jefferson County v. Jefferson County Court of Common Pleas,* 738 A.2d 1077 (Pa. Cmwlth.1999).

Sections 3–4 of RULWA, 68 P.S. §§ 477–3–477–4. Section 6 of RULWA provides in pertinent part that

> [n]othing in this act limits in any way any liability which otherwise exists:
>
> (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.
>
> (2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof. . . .

68 P.S. § 477–6. Section 2 of RULWA defines "land" to mean "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty." 68 P.S. § 477–2. In the seminal case of *Rivera v. Philadelphia Theological Seminary,* the Supreme Court analyzed the language and intent of the legislature in passing RULWA and determined that notwithstanding the definition of land as provided in RULWA which includes buildings and structures, the Legislature did not intend the immunity of RULWA to extend to an enclosed swimming pool in an urban center.

In *Rivera,* a young boy drowned in an indoor pool located within the buildings of a Catholic Seminary. The mother of the boy sued the Seminary which raised the immunity defense of RULWA. In holding that the immunity defense of RULWA was not applicable to the Seminary, the Supreme Court reasoned that the premises of the Seminary did not fall within the legislature's intended meaning of "land." *See Walsh v. City of Philadelphia,* 526 Pa. 227, 236, 585 A.2d 445, 449 (1991)("The *Rivera* case turned on the determination of the intent of the Legislature as to the meaning of the word 'land', and the ancillary structures attached thereto."). In *Rivera,* the Supreme Court examined the language and the purpose of RULWA and acknowledged that its purpose was to encourage landowners to make their land available to the public for recreational purposes. The Supreme Court determined however, that it was the "intention of the Legislature to limit the applicability of the Recreation Use Act to outdoor recreation on largely unimproved land . . . ." *Rivera,* 510 Pa. at 16, 507 A.2d at 8. The Supreme Court stated the underlying rationale for providing immunity to landowners was to encourage them to open their lands to the public because the "need to limit owner liability derives from the impracticability of keeping large tracts of largely undeveloped land safe for public use." *Rivera,* 510 Pa. at 15, n. 17, 507 A.2d at 8, n. 17. *See also Brown v. Tunkhannock Township,* 665 A.2d at 1321 ("The *Rivera* court further recognized that the need to protect owners of large tracts of unimproved land derives from the impracticability of making such tracts safe for recreational use."). The Superior Court has also recognized the rationale supporting RULWA in *Redinger v. Clapper's Tree Service, Inc.,* 419 Pa.Super. 487, 496–98, 615 A.2d 743, 748 (1992), *allocatur denied,* 533 Pa. 652, 624 A.2d 111 (1993), when the Superior Court acknowledged that one of the policies underlying RULWA is

> the protection of the owners of large tracts of unimproved land. If a tract of land is large, the landowner will be disinclined to open it for public use because of the high costs of monitoring and maintaining the property. The RUA [i.e., RULWA] is intended to motivate this landowner to open his lands for public use by relieving him of the duty of monitoring and maintaining the property when the property is in public use.

*quoting,* Sandra M. Renwand, *Beyond Commonwealth v. Auresto: Which property is Protected by the Recreation Use of Land & Water Act?,* 49 U.Pitt.L.R. 261, 277 (1987).[2]

---

**2.** The second policy rationale underlying RULWA recognized by the Superior Court was the protection of the reasonable expectations of the users of the land whereon improvements have been made: "[t]he more improved the property, the more reasonable it is

Thus, consistent with this rationale, the Supreme Court, in *Rivera*, concluded that the legislature intended "land" including "buildings, structures and machinery .or equipment when attached to the realty" to encompass only "ancillary structures attached to open space lands made available for recreation and not to [encompass] enclosed recreational facilities in urban regions" which presumably can be monitored and maintained unlike large expansive unimproved lands. *Rivera*, 510 Pa. at 15, 507 A.2d at 8.[3]  *See also Ithier v. City of Philadelphia*, 137 Pa.Cmwlth. 103, 109–10, 585 A.2d 564, 567 (1991)(holding that an outdoor swimming pool, "filled and emptied as the City desires, and **which can be monitored and supervised with relative ease**," does not fall within the protections of RULWA)(emphasis added); *Thomas v. Borough of Blossburg*, 146 Pa.Cmwlth. 220, 221–24, 604 A.2d 1230, 1231 (1992)("small recreational facilities are relatively easy to monitor for safety hazards and, thus, were viewed [in *Rivera* ] as not deserving of the protection of the RULWA.").

Consistent with the foregoing rationale, the analysis in *Rivera* was further clarified in *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991).  In *Walsh*, an individual was playing basketball in an outdoor cement recreational facility containing 2 basketball courts and benches.  The individual was injured when, while playing basketball, he fell in a hole in the blacktopped surface near the basketball court. The individual sued Philadelphia the owner of the land which raised as a defense the immunity of RULWA.  The Supreme Court rejected the applicability of RULWA and reasoned that

> [w]hen a recreational facility has been designed with improvements that require regular maintenance to be safely

used and enjoyed, the owner of the facility has a duty to maintain the improvements.  When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability.

*Walsh*, 526 Pa. at 238, 585 A.2d at 450.

Thus, it appears that pursuant to *Walsh*, the rationale in *Rivera* of wishing to relieve landowners of the burden of monitoring large tracts of undeveloped land to encourage them to open the land to the public is rendered inapplicable in the context of those areas of land where there are improvements which require regular maintenance and inspection.  *See, e.g., Brezinski v. County of Allegheny*, 694 A.2d 388, 390  (Pa.Cmwlth.1997)(suggesting that where regular maintenance of the land is not required, then the immunity of RULWA applies: "[e]ven if the land were 'sculpted' [i.e., improved], this one-time modification would not have required regular maintenance as in *Walsh*.").  Subsequent to *Walsh*, a primary focus of determining whether the land at issue came within the intended meaning of "land" as found in RULWA, became whether the land was improved or had improvements on it.  *See, e.g., Mills v. Commonwealth*, 534 Pa. 519, 526, 633 A.2d 1115, 1118–19 (1993)(the intended beneficiaries of RULWA are the public and "landowners of large **unimproved** tracts of land")(emphasis added); *Seiferth v. Downingtown Area School District*, 145 Pa.Cmwlth. 562, 565–67, 604 A.2d 757, 759 (1992)("the first issue is whether the lacrosse field upon which Seiferth was injured constitutes 'improved' land outside the protection of the RULWA."); *Brown v. Tunkhannock Township*, 665 A.2d at 1320 ("Despite [RULWA's]

---

for the user to expect that the landowner has maintained it in a safe condition." *Redinger*, 615 A.2d at 748, *quoting*, Renwand, *Beyond Commonwealth v. Auresto: Which property is Protected by the Recreation Use of Land & Water Act?*, 49 U.Pitt.L.R. at 280.

**3.**  Other than using the term "ancillary structure", the Court in *Rivera* did not further clarify what comes within the ambit of that term.

inclusion of buildings and structures within the definition of 'land,' the courts of this Commonwealth have held that only owners of unimproved land are protected."); *York Haven Power Co. v. Stone,* 715 A.2d 1164, 1166 (Pa.Super.1998)("We are guided by a series of decisions by the Pennsylvania Supreme Court which have interpreted the [RULWA] and have concluded that 'improved land' is not protected thereunder."). *Cf. Yanno v. Consolidated Rail Corporation,* 744 A.2d 279 (Pa.Super. 1999)(wherein the court stressed a multi-factored approach to determining the applicability of RULWA with the existence of improvements being only one of the factors.).

Consistent with the foregoing and relying upon *Walsh,* the Plaintiffs argue that because the Giant Slide demands intensive safety inspections and above normal maintenance, the immunity provided by RULWA is inapplicable here.

The County responds that because the definition of "land" in RULWA includes ancillary structures attached to (as held by *Rivera*) largely unimproved lands, the proper focus in determining whether RULWA applies is on the entirety of the land in question and not on the specific structure or improvement causing a person's injury. *See* County's brief at p. 4. The trial court accepted this reasoning, and, focusing on the area of Mammoth Park as a whole, rather than on the specific area which included the Giant Slide that allegedly caused the injuries, held that RULWA immunity applies because the County's park is "in fact, 405 acres of largely unimproved land. The dispositive fact is not whether the Giant Slide itself constitutes an 'improvement', but whether Mammoth Park itself constitutes a highly developed recreation facility." Trial court slip opinion at pp. 6–7. We disagree with both the trial court and the County's arguments.

■ To the extent that County argues because the Giant Slide is an "ancillary structure" within the contemplation of *Rivera,* the Giant Slide falls within the definition of "land" as used in RULWA and therefore the County is immune, we disagree. Although our Supreme Court in *Rivera* did not elucidate the meaning of "ancillary structures", we must conclude that given the rationale underlying RULWA as explained above, an improvement such as the Giant Slide, requiring as it does, such intensive maintenance and inspection, does not fall within the meaning of "ancillary structure" as contemplated by the court in *Rivera. See* Sandra M. Renwand, *Beyond Commonwealth v. Auresto: Which property is Protected by the Recreation Use of Land & Water Act?* 49 U.Pitt.L.R. 261, 277 (1987) wherein the author, after analyzing *Rivera* concludes that the language utilized by the Court in *Rivera*

> suggests that ancillary structures, such as 'shelters, toilet facilities [and] fireplaces', are not improvements, and thus will be treated as land under the [RULWA].

> Conversely, if an addition is the type that would not be found in the true outdoors, that is, not an ancillary structure, it should be defined as an improvement and not treated as land under the [RULWA]. For instance in a state owned park, additions such as swing sets, swimming pools, and tennis courts, would constitute improvements.

(footnotes omitted). *See also Primo v. City of Bridgeton,* 162 N.J.Super. 394, 392 A.2d 1252 (1978) (holding that a slide was an improvement and therefore not within the protections of the New Jersey version of RULWA).[4]

---

4. We are aware of *Farley v. Township of Upper Darby,* 100 Pa.Cmwlth. 535, 514 A.2d 1023 (1986), *allocatur denied,* 517 Pa. 611, 536 A.2d 1334 (1987), wherein this court upheld the grant of summary judgment to the

Township of Upper Darby based upon RULWA when Upper Darby was sued by a party injured on a sliding board. We find that case distinguishable from the present case. Unlike in *Farley,* here there is extensive evidence

■ The County also suggests, and the trial court held, that because the park surrounding the Giant Slide is largely unimproved, the focus should be on the whole area and not just on the immediate area surrounding the Giant Slide. Continuing, the County argues that because RULWA applies to largely unimproved land and the park constitutes unimproved land, the County is immune. In response, the Plaintiffs argue that the proper focus should be on the specific area where the injury occurred or the specific area which caused the injury. We agree with Plaintiffs. Generally, our courts have focused on the specific area which caused the injury to determine whether RULWA is applicable or not.

■ For example in *Redinger v. Clapper's Tree Service,* a plaintiff was injured by a falling tree limb located on or near a fenced-in baseball field. The Y.M.C.A. which owned the land upon which the field was located as well as the offending tree, raised the defense of immunity under RULWA. The Superior Court determined that immunity applied because

> while appellant husband was on appellee, YMCA's land to observe a baseball game, his injury did not arise out [of] any improvement to the baseball field. Appellant husband's injury was caused by a falling, decayed tree limb. Importantly, this limb came from a part of appellee, YMCA's land which remained

unimproved. For this reason, we believe the **section of land upon which appellant husband's injury was occasioned was within the purview of the RULWA.** Moreover, under the apparent implication of *Walsh [v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991) ] . . ., the fact that the land was a partially developed, residential tract is of no consequence; **unimproved portions of it** may still come under the liability limitation of the RULWA.

*Redinger* 615 A.2d at 750 (emphases added). *Accord Pomeren v. Department of Environmental Resources,* 121 Pa.Cmwlth. 287, 289–91, 550 A.2d 852, 854 (1988), *allocatur denied,* 522 Pa. 607, 562 A.2d 829 (1989)("whatever improvements may have existed in the park, the outdoor earthen hiking trail itself [which caused the injuries] did not constitute improved land . . . ."). *Wurth by Wurth v. City of Philadelphia,* 136 Pa.Cmwlth. 629, 641–43, 584 A.2d 403, 409 (1990)(indicating that the "facts of each case must by considered to determine whether the playground, **or that portion of it at issue,** constitutes largely unimproved land which, under *Rivera,* is covered by the Recreation Act.")(emphasis added); *Zackhery v. Crystal Cave Co.,* (just because landowner charged admission fee to one portion of his property, RULWA was not rendered inapplicable to that portion of his property for which no fee was charged).[5] *But cf. Yan-*

---

regarding the above normal maintenance requirements for the Giant Slide raising at least a question as to whether the Giant Slide constituted such an improvement as to take it outside of the protections of RULWA. Because such evidence was apparently not at issue in *Farley,* we find *Farley* is not controlling here. Indeed, in *Farley,* there was no discussion by the court at all concerning the maintenance of the slide or whether the slide therein constituted an improvement or an ancillary structure within the contemplation of *Rivera.* We also note that *Farley* was decided without the benefit of the Supreme Court's analysis in *Walsh* which was decided subsequent to *Farley. See also Zackhery v. Crystal Cave Co.,* 391 Pa.Super. 471, 571 A.2d 464 (1990)(also holding that a sliding board falls within the definition of land for the purposes

of RULWA). For similar reasons, we find *Zackhery* also distinguishable. In *Zackhery,* there was no evidence whatsoever regarding the maintenance of the slide and *Zackhery* like *Farley* was decided without benefit of the *Walsh* analysis.

5. We are aware of the Supreme Court's statement in *Mills v. Commonwealth,* 534 Pa. 519, 526, 633 A.2d 1115, 1119 (1993) that "[a]lthough it could be reasonably argued that the unimproved grassy and wooded areas within Penn's Landing do fall within the ambit of [RULWA], such an overly technical application of the [RULWA] would certainly lead to inconsistent results and thwart the intended purpose of the act." We do not read that statement to prohibit a consideration of the

*no v. Consolidated Rail Corp., supra*, holding that whether an analysis under RULWA properly

> involves the entire piece of property owned by the defendant landowner or only the section of the property upon which the plaintiff sustained the alleged injury, cannot be fixed indelibly for every case. To date our courts have made this determination on a case by case basis.... Thus, where the parties can make reasonable arguments for viewing the factors either in terms of the entire property or in terms of only the section where the injury occurred, a court should look to the intended purpose of the RULWA to guide its determination of the matter on a case by case basis.

*Yanno*, 744 A.2d at 282. In the instant case, we must conclude that given the intended purpose of RULWA was to encourage owners of largely unimproved lands to make them available to the public for recreational purposes by relieving them of the duty to inspect and maintain those lands safely, as that purpose would not be served herein due to the fact that the County already daily inspects the Giant Slide, the proper focus here is on the Giant Slide and whether it falls within the purview of RULWA. As the trial court erred in focusing on the entirety of Mammoth Park instead of on the Giant Slide and concluding as a matter of law that the Giant Slide came within the immunity afforded by RULWA as construed by the Supreme Court in *Rivera* and *Walsh*, the trial court's order granting summary judgment is reversed and this case is remanded for further proceedings not inconsistent with this opinion.

## *O R D E R*

AND NOW, this 6th day of March, 2000, the order of the Court of Common Pleas of Westmoreland County dated April 8, 1999 and Docketed at No. 1271 of 1996, Civil Division, granting summary judgment to the County of Westmoreland is hereby reversed. This case is remanded to the trial court for further proceedings. Jurisdiction is relinquished.

specific site which allegedly causes the injury under a RULWA analysis so as to mandate a finding in this case that merely because the Giant Slide is surrounded by largely unimproved land, the Giant Slide does not constitute an improvement such as to take it outside of the immunity afforded by RULWA. Moreover, our holding today does not thwart the purpose of RULWA. As noted above, the purpose of RULWA is to relieve landowners of large tracts of unimproved land from the duty to make those tracts safe for public use. Where there are improvements on those lands that require regular maintenance to be safe, as is the case here, the purpose of RULWA is not served by granting immunity for such improvements.