# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spring Mountain Summit                :
Condominium Association               :
                                      :
                    v.                : No. 1695 C.D. 2016
                                      : Argued:  March 6, 2017
Kenneth Lyle, III,                    :
                    Appellant         :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  April 19, 2017**


Kenneth Lyle, III (Mr. Lyle) appeals from the March 29, 2016, Order of the Court of Common Pleas of Montgomery County (common pleas), granting Spring Mountain Summit Condominium Association's (Association) summary judgment motion and entering judgment against Mr. Lyle in the amount of $16,046.75.  On appeal, Mr. Lyle argues that common pleas erred by:  (1) granting the Association's Motion for Summary Judgment; and (2) misinterpreting Mr. Lyle's pro se filing because Mr. Lyle was provided legal documents and advice by a non-lawyer.

The Association filed a Complaint against Mr. Lyle in common pleas on August 25, 2015, alleging that Mr. Lyle was in default of his obligation to pay

assessments and seeking payment of all unpaid assessments, late charges, and accelerated assessments totaling $9,051.75 (Count I). (Compl. ¶¶ 9, 10-11, 13.) The Association further sought to collect interest, costs (court costs and sheriff's fees), and attorney's fees (Count II). (Id. ¶¶ 15, 17.)

Thereafter, the Association filed a Motion for Special Order Directing Alternative Service on Defendant on November 23, 2015, alleging that Mr. Lyle was "purposely avoiding service of process, thus preventing the legal process from going forward" and requesting that common pleas enter a special order directing that service be made upon Mr. Lyle by posting and through certified mail, return receipt requested, and first class mail. (Motion for Alternative Service ¶ 10.) On December 1, 2015, common pleas granted the motion and ordered that Mr. Lyle be served by the above-requested methods of process at 487 Township Line Road, Schwenksville, PA, 19473. The same day, the Association filed a Praecipe to Reinstate the Complaint, which was reinstated by common pleas on December 1, 2015. (C.R. at 34-36.)

In response to the Complaint, Mr. Lyle responded with a document titled "Answer to: Notice to defend – civil" on December 21, 2015, which stated the following:

> To the Prothonotary:
> I would like to enter my formal appearance and intent to defend myself in the above captioned matter. Please call me if I need to do [sic] take further action at this time. My cell is . . . . You may also notify me in writing at my address above.

2

(R.R. at 1.)  The filing was docketed as an "Answer/Response."  (See Docket, C.R. at 1.)  Notably, there were no other filings between December 21, 2015 and February 10, 2016.  (Id.)

On February 10, 2016, the Association filed a Motion for Summary Judgment, an Affidavit of Default of the managing agent of the Association (Managing Agent), and a brief in support of its motion.  (R.R. at 2-6.)  In her affidavit, Managing Agent stated that Mr. Lyle had "defaulted and violated the terms of Declaration of Condominium" and that the Association is entitled to entry of judgment against Mr. Lyle in the amount of $16,046.75.  (Motion for Summary Judgment, Ex. B; Affidavit of Default, C.R. at 67-68.)  In its brief, the Association maintained that Mr. Lyle is the current owner of title to a unit within the Association located at 3322 Forest Lane, Condominium D-5, Schwenksville, PA, 19473 (Unit).  (C.R. at 69.)  The Association further submitted that Mr. Lyle "effectively admitted **every** allegation of the Complaint" in his December 21, 2015 filing, which, the Association argued, is an answer to the Complaint and should be deemed a general denial.  (Id. at 72.)  The Association also stated that there is no issue of material fact regarding attorney's fees.  (Id. at 73.)

On February 24, 2016, counsel entered an appearance on behalf of Mr. Lyle and replied to the Association's motion.  Mr. Lyle admitted paragraphs 1-4 and 6 of the motion, including that he is the current record holder of the Unit, and denied paragraphs 5, 7-8, 11-12, and 14 of the motion for various reasons.  (See Mr. Lyle's Reply, C.R. at 77-80.)  Mr. Lyle denied that his acceptance of the deed to the Unit constituted an agreement that he abide by the Declaration, including the payment of assessments, that he filed an "answer" to the Complaint on December 21, 2015, that the pleadings are closed, and that Mr. Lyle is delinquent in the

3

payment of his assessments. (Id.) Mr. Lyle denied paragraphs 8-10, 13, and 15-17 of the motion, stating that "[n]o answer has been filed. [Mr. Lyle] has merely filed an entry of appearance. As no 'ten day notice' has been filed or served on [Mr. Lyle], [Mr. Lyle] still has ten days from whatever date [the Association] files such notice to file his answer thereto." (Id. at 78-80.)

After reviewing the Association's Motion for Summary Judgment and any response thereto, common pleas granted the motion via Order dated March 29, 2016, and entered judgment for the Association against Mr. Lyle in the amount of $16,046.75. (Order, R.R. at 10.)

Mr. Lyle filed a Notice of Appeal with the Pennsylvania Superior Court on April 25, 2016, which transferred the appeal to this Court. See Order in Spring Mountain Summit Condo. Ass'n v. Kenneth Lyle, III (Pa. Super., No. 1389 E.D.A. 2016, filed Aug. 24, 2016). After Mr. Lyle filed his appeal, common pleas ordered Mr. Lyle to file a brief statement of errors complained of on appeal (1925(b) Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b).[1] In his 1925(b) Statement, Mr. Lyle stated the following: (1) "Did the Trial Court err in granting Plaintiff's Motion for Summary Judgment without the filing of briefs or hearing oral argument?"; (2) "Did the Trial

---

[1] Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part, as follows:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--**If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

4

Court err in its interpretation of Defendant's pro se filings?"; and (3) "Did the Trial Court err in its interpretation of the standard for granting Summary Judgment?" (1925(b) Statement, C.R. at 89.)

In its Opinion dated August 4, 2016, common pleas explained its March 29, 2016, Order as follows. First, neither Mr. Lyle nor the Association requested argument, and there is no requirement that a court have argument under Rule 211 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 211.[2] (Common pleas Op. (Op.) at 4.) Further, pursuant to Rule 208.3(b)(3) of the Montgomery County Local Rules of Civil Procedure (Local Rules), a response to a motion must include a form cover sheet as set forth in Rule 205.2(b) of the Local Rules. Therefore, Mr. Lyle was required to include a cover sheet with his response to the Association's motion; however, he did not include a cover sheet, and he did not request argument anywhere else. (Id.) Second, Mr. Lyle failed to explain or identify how common pleas "improperly interpreted" his pro se notice to defend. (Id. at 5.) Third, Mr. Lyle failed to identify "how or in what manner the Court wrongfully interpreted the standard for granting summary judgment." (Id. at 6.) In addition, Mr. Lyle did not present any opposition to the Association's motion "other than he is waiting for a ten-day notice." (Id. at 7.) This appeal followed.[3]

---

[2] Rule 211 states that "[a]ny interested party may request oral argument on a motion. The court may require oral argument, whether or not requested by a party. The court *may* dispose of any motion without oral argument." Pa. R.C.P. No. 211 (emphasis added).

[3] "Appellate review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. Moreover, summary judgment may be granted only in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law." Bashioum v. Cnty. of Westmoreland, 747 A.2d 441, 442 n.l (Pa. Cmwlth. 2000) (citation omitted).

On appeal, Mr. Lyle argues that common pleas erred by granting the Association's Motion for Summary Judgment and by misinterpreting Mr. Lyle's December 21, 2015, pro se filing because he was provided legal documents and advice by a non-lawyer.

We begin by addressing whether common pleas erred by granting the Association's Motion for Summary Judgment. Although Mr. Lyle raises various arguments of error,[4] because it is dispositive, we only address his argument that the December 21, 2015, filing was not an "answer" to the Complaint, but was merely his entrance of appearance, and as such, the pleadings never closed to enable the Association to properly move for summary judgment. He argues that, because he did not respond to the Complaint, the Association had to file a notice of intent to enter a default judgment pursuant to Pennsylvania Rule of Civil Procedure 237.1, Pa. R.C.P. No. 237.1. The Association, on the other hand, argues that the filing was an answer to the Complaint, and thus, the Association was prevented from seeking a default judgment. The essential issue in this appeal then is how to classify Mr. Lyle's December 21, 2015, filing titled "Answer to: Notice to defend – civil."

Rule 1012 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1012(a), provides that "[a] party may enter a written appearance which shall state an address at which pleadings and other legal papers may be served . . . and a

---

[4] Mr. Lyle argues that common pleas erred in considering the motion because the Association did not file a brief or memorandum of law, as required by Rule 1035.2(a) of the Local Rules. This argument is without merit because the Association did file a brief in support of its motion. (C.R. at 69-74.) Mr. Lyle also argues that common pleas did not give him adequate time to conduct discovery. We conclude that Mr. Lyle waived this issue pursuant to Pennsylvania Rule of Appellate Procedure No. 302(a), Pa. R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

telephone number." Id. Rule 1029 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1029(a)-(b), provides, in pertinent part, as follows:

> (a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. . . . Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.
>
> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

Id. Rule 237.1 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 237.1, provides, in pertinent part, as follows:

> (2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered.
>
> * * *
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Id. Thus, if the filing is considered an entry of appearance and not a responsive pleading, the Association would have been required to file written notice of its intention to file a praecipe for entry of a default judgment 10 days prior to the filing of the praecipe. Therefore, common pleas' grant of summary judgment in favor of the Association would have been made in error. If the filing is considered

7

an "answer," i.e., a responsive pleading, it would have had the effect of admitting all averments in the Complaint and therefore, the ten-day notice would not be required.

Mr. Lyle's December 20, 2015, filing stated that he "would like to enter [his] formal appearance and intent to defend [himself] in the above[-]captioned matter." (R.R. at 1.) Mr. Lyle provided his cell phone number and indicated that he may also be notified in writing at the address that appears at the top of the page. (Id.) Although *titled* "Answer to: Notice to defend – civil," the *content* of the filing only enters Mr. Lyle's appearance pro se, pursuant to Pa. R.C.P. No. 1012(a), and does not raise any objections or other averments in response to the allegations in the Complaint that could seriously be considered to be admissions or denials. Common pleas stated in its Opinion that "[Mr. Lyle] *never answered* the Complaint" and that "[Mr. Lyle] waits for a ten-day notice to be filed, and relies solely upon *his own failure to answer the Complaint* as his defense." (Op. at 2, 8 (emphasis added).) We agree that it is the content of the filing, not the title, that is determinative here, and therefore the December 20, 2015, filing was not an answer but merely an entry of appearance. Because no responsive pleading was filed by Mr. Lyle, the pleadings between the parties to the motion were not closed prior to the Association's filing of the motion. (See Pa. R.C.P. No. 1035.2 (providing that "[a]fter the relevant pleadings are closed, . . . any party may move for summary judgment") and the Note ("Only the pleadings between the parties to the motion for summary judgment must be closed prior to filing the motion.").) We therefore are constrained to conclude that common pleas should not have granted the Association's Motion for Summary Judgment under these circumstances.

8

We must, therefore, vacate the March 29, 2016, Order of common pleas and remand this matter to common pleas to allow Mr. Lyle to file an answer to the Complaint.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spring Mountain Summit      :
Condominium Association      :
     :
     :
        v.      :    No. 1695 C.D. 2016
     :
Kenneth Lyle, III,      :
           Appellant      :

## O R D E R

**NOW**, April 19, 2017, the March 29, 2016, Order of the Court of Common Pleas of Montgomery County (common pleas), entered in the above-captioned matter, is hereby **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge