IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wybranowski,                    :
                                     :
            Appellant                :
                                     :
      v.                             : No. 1811 C.D. 2019
                                     : Argued: October 15, 2020
North Strabane Township              :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: July 14, 2021


        John Wybranowski (Officer) appeals from the order of the
Washington County Court of Common Pleas (trial court), which granted the
motion for summary judgment filed by North Strabane Township (Township),
denied Officer's motion for summary judgment, and determined that Officer, a
former police officer, was ineligible for pension benefits because he was
dishonorably discharged and had not attained the 20 years of service required to
qualify for early retirement pension benefits. We affirm.

        On January 22, 2016, the Township terminated Officer from his
employment as a police officer. At the time, Officer was 47 years old and had 19
years of service with the Township Police Department. An arbitrator upheld the

_____

        [1] This case was decided prior to January 4, 2021, when Judge Brobson became President
Judge.

discharge. Subsequently, in February of 2016, the Township's Pension Plan administrator denied Officer's application for a service-connected disability pension on the ground that his dishonorable discharge rendered him ineligible for benefits. That decision was upheld by the Township Board of Supervisors (Board). Officer appealed to the trial court, which affirmed, and on further appeal, this Court also affirmed. *See Wybranowski v. North Strabane Township* (Pa. Cmwlth., No. 90 C.D. 2018, filed November 9, 2018).

On December 24, 2018, Officer sent a letter to the Township requesting "his early vested retirement benefit[s]." Reproduced Record (R.R.) at 115a. By letter dated January 25, 2019, the Board denied Officer's request on the grounds that his dishonorable discharge, untimely request, and years of service rendered him ineligible for retirement benefits under the Pension Plan. *Id.* at 116a-117a.

Specifically, the letter explained: (1) Act 600[2] requires a police officer to receive an honorable discharge to be eligible for a pension; (2) the Township's Pension Plan incorporates Act 600; and (3) Officer was dishonorably discharged. R.R. at 116a. Additionally, Article VII of the Pension Plan, relating to termination of employment, governs pension benefits in the event that a participant's employment is terminated for any reason other than death or disability prior to attaining normal retirement age.[3] *Id.* Section 7.01 of the Pension Plan provides that a terminated employee's benefits are limited to those contained in

---

[2] The Municipal Police Pension Law, Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§767-778, is commonly referred to as Act 600.

[3] The Pension Plan provides that normal retirement age is 50 years old with 25 aggregate years of service. R.R. at 57a.

Article VII. Based on Officer's completion of at least 12 years of service, Section 7.03 applies, requiring that an election thereunder must be made within 90 days of the termination of employment. *Id.* at 116a-117a. Because Officer did not make an election within 90 days, he is only entitled to receive a distribution of his accumulated contributions under Section 7.02. *Id.* at 117a.

Noting that Officer's request referenced "early retirement" benefits, the Township's letter also explained that Section 4.03 of the Pension Plan addresses early retirement benefits, and it requires a participant to complete at least 20 years of service. Thus, "[e]ven though this provision does not apply by virtue of Officer's dishonorable discharge," he also failed to satisfy the minimum service requirements. R.R. at 117a.

Officer appealed to the trial court, and both parties filed motions for summary judgment. In its December 2, 2019 order, the trial court found that Officer was ineligible for age and service pension benefits due to his dishonorable discharge. R.R. at 240a-242a. The trial court also cited Officer's failure to reach the 20 years of service needed to qualify for early retirement benefits. *Id.* at 241a. However, the trial court rejected the Township's assertion that Officer was ineligible because his election for benefits under Section 7.03 of the Pension Plan was not made within 90 days of the termination of his employment, accepting Officer's argument that his election was timely made within 45 days of this Court's decision regarding a disability pension. *Id.* The trial court specifically did not rely on this Court's decision concerning Officer's eligibility for a disability pension in *Wybranowski*. *Id.* at 242a. Officer then filed the instant appeal.[4]

---

[4] "Appellate review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. **(Footnote continued on next page…)**

3

On appeal to this Court, Officer argues that the trial court erred in deciding he was ineligible for early retirement benefits due to his not having attained 20 years of service, because he did not elect early retirement benefits under Section 4.03 of the Pension Plan. Instead, Officer asserts that he seeks and qualifies for deferred vested benefits under Section 7.03 of the Pension Plan.[5]

Township Ordinance No. 345, relating to the establishment and maintenance of the Pension Plan states, in relevant part, that the Plan "was previously established under a Resolution . . . for the benefit of the Township's police employees, which Plan is maintained under and pursuant to the provisions of [Act 600] . . . ." R.R. at 47a. Additionally, the parties' collective bargaining agreement provides, in pertinent part:

> The Township shall maintain a Pension Plan for each full-time officer, which complies with Act 600 (establishing and regulating police pension funds). The Pension Plan, as most recently restated [in Township Ordinance No. 345,] is hereby incorporated into this Agreement.

*Id.* at 108a.

In turn, in relevant part, Section 1(a) of Act 600, provides for the establishment of police pension funds, stating:

---

**(continued…)**

Moreover, summary judgment may be granted only in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law." *Bashioum v. County of Westmoreland*, 747 A.2d 441, 442 n.1 (Pa. Cmwlth. 2000) (citation omitted).

[5] Officer does not contest that he did not achieve the 20 years of service required to qualify for early retirement benefits under Section 4.03 of the Pension Plan. As reflected in the parties' joint stipulation, Officer is seeking deferred vested benefits under Section 7.03 of the Pension Plan.

> (1) Each ... township of this Commonwealth maintaining a police force of three or more full-time members ... shall ... establish, by ordinance or resolution, a police pension fund or pension annuity . . . .
>
> (2) Such fund shall be under the direction of the governing body of the ... township ... and applied under such regulations as such governing body, by ordinance or resolution, may prescribe *for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age and service, or disability . . . .*

53 P.S. §767(a)(1), (2) (emphasis added).

> Section 5(h) of Act 600 further provides:
>
> The ordinance or resolution establishing the police pension fund *may provide for a vested benefit* provided that such would not impair the actuarial soundness of the pension fund. Under the provisions of such benefit, *should a police officer*, before completing superannuation retirement age and service requirements but after having completed 12 years of total service, *for any reason cease to be employed as a full-time police officer* by the municipality or regional police department in whose pension fund he has been a member, he shall be entitled to vest his retirement benefits by filing with the governing body within [90] days of the date he ceases to be a full-time police officer a written notice of his intention to vest.

53 P.S. §771(h) (emphasis added).

In accordance with Act 600, Section 7.03 of the Pension Plan similarly provides:

> A Participant who has completed at least twelve (12) years of Aggregate Service and *whose Employment with the Employer shall terminate for any reason other than death or Total and Permanent Disability* prior to attainment of Normal Retirement Age shall be entitled to elect to receive a Deferred Vested Benefit in lieu of a

5

distribution of Accumulated Contributions under section 7.02. *The Election hereunder shall be made within ninety (90) days of the date on which the Participant's Employment shall cease or shall be forever waived and a distribution pursuant to section 7.02 shall occur.*[6] Such a Deferred Vested Benefit shall be in an amount equal to the Participant's Accrued Benefit as of the date Employment terminates and shall commence after application pursuant to section 4.05 as of the first day of the month coincident with or next following the date on which the Participant's Normal Retirement Age would be attained if the Participant continued in Employment until such date.

R.R. at 66a (emphasis added).

Although Officer's written request referenced an "early vested retirement benefit," the parties' Stipulation of Facts clearly states that his request for benefits was made under Section 7.03 of the Pension Plan, *see* R.R. at 45a, 115a, which applies where a participant has achieved at least 12 years of service. Officer is correct that the trial court erred in analyzing his request under the provisions of Section 4.03 rather than Section 7.03 of the Pension Plan. However, the trial court's order denying Officer's application for benefits will be affirmed,

---

[6] Section 7.02 of the Pension Plan (Distribution of Accumulated Contributions) states:

A Participant whose Employment with the Employer shall terminate for any reason other than death or Total and Permanent Disability prior to attainment of Normal Retirement Age shall be entitled to receive a distribution of Accumulated Contributions. Upon receipt of such Accumulated Contributions, said Participant and Beneficiary shall not be entitled to any further payments from the Plan.

R.R. at 57a.

6

nonetheless, based on the rationale expressed in our prior opinion in *Wybranowski*.[7]

In relevant part, our prior opinion upheld the Board's determination that Officer was ineligible for a disability pension because he was dishonorably discharged. *See Wybranowski*, slip op. at 9-14.[8] We explained that "Act 600 provides for disability pensions to 'such members of the police force as shall receive <u>honorable discharge</u> therefrom by reason of age and service, or disability.' 53 P.S. §767(a)(2) (emphasis added)." *Wybranowski*, slip op. at 10. We noted that the Pension Plan's preamble states that the plan is "maintained under and pursuant to" the provisions of Act 600. *Id.* We also found it noteworthy that the collective bargaining agreement between the Township and the police union, effective January 1, 2015, through December 31, 2018, incorporated the Pension Plan by reference and required the Township to maintain the Pension Plan in compliance with Act 600. *Id.* We concluded that pursuant to Act 600's provisions, "the [Pension P]lan necessarily applies only to members of the police force who received honorable discharges." *Id.*[9]

---

[7] "The 'right for any reason' doctrine allows an appellate court to affirm the trial court's decision on any basis that is supported by the record. *See Ario v. Ingram Micro, Inc.*, [965 A.2d 1194, 1200 (Pa. 2009)] ('an appellate court may uphold an order of a lower court for any valid reason appearing from the record')." *In re A.J.R.-H.*, 188 A.3d 1157, 1175-76 (Pa. 2018).

[8] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[9] We distinguished *Borough of Mahanoy City v. Mahanoy City Police Department*, 948 A.2d 239 (Pa. Cmwlth. 2008), upon which Officer relied, on the basis that the parties' collective bargaining agreement did not contain an honorable discharge requirement, whereas here, the agreement between the Township and the police union expressly incorporates the provisions of the Pension Plan and requires compliance with Act 600. In sum, we concluded that this Pension
**(Footnote continued on next page…)**

Our analysis in *Wybranowski* regarding Officer's eligibility for a disability pension applies equally to the determination of his eligibility for deferred vested retirement benefits. The honorable discharge requirement of Act 600 does not distinguish between disability benefits and retirement benefits. *See* 53 P.S. §767(a)(2) ("Such fund shall be . . . for the benefit of such members . . . as shall receive honorable discharge therefrom *by reason of age and service, or disability. . . .*") (emphasis added). Moreover, the parties' collective bargaining agreement expressly incorporates Act 600's requirements. *See* R.R. at 108a ("The Township shall maintain a Pension Plan for each full-time officer, which complies with Act 600[.]"). Further, the Pension Plan echoes the language of the collective bargaining agreement and provides that it is "maintained under and pursuant to the provisions of [Act 600]." *Id.* at 47a.

As noted above, Section 7.01 of the Pension Plan provides that "[a] Participant who shall cease to be an Employee . . . shall have all interest and rights under the Plan limited to those contained" in Article VII. R.R. at 66a. The Pension Plan does not define the term "termination," but defines "Participant" as "an Employee who has met the eligibility requirements to participate in the Plan as provided in [S]ection 2.01[10] and who has not for any reason ceased to be a

---

**(continued…)**

Plan and the parties' collective bargaining agreement incorporates an honorable discharge requirement. *See Wybranowski*, slip op. at 12.

[10] Section 2.01 states:

> Each Employee who is employed as a regular, full-time permanent member of the police department of the Employer shall participate herein as of the date on which such Employee's employment first commences or recommences provided all prerequisites to

**(Footnote continued on next page…)**

Participant hereunder." *Id.* at 53a. Section 7.02 provides generally that a participant whose employment is terminated for any reason other than death or total and permanent disability prior to reaching normal retirement age shall be entitled to receive a distribution of accumulated contributions. *Id.* at 66a. Section 7.03 allows a participant with 12 years of service to elect to receive a deferred vested benefit in lieu of a distribution of accumulated contributions under Section 7.02, provided that the election is made within 90 days of termination. *Id.*

However, in affirming the denial of Officer's disability pension application, this Court previously explained:

> Act 600 provides for disability pensions to "such members of the police force as shall receive <u>honorable discharge</u> therefrom by reason of age and service, or disability." 53 P.S. §767(a)(2) (emphasis added). The [Pension] Plan's preamble states the "Plan is maintained under and pursuant to the provisions of [Act 600]." R.R. at [47a]. Notably, the collective bargaining agreement between the Township and the police union incorporates the [Pension] Plan by reference and also requires the Township to maintain the [Pension] Plan in compliance with Act 600. [R.R. at 108a]. Accordingly, pursuant to Act 600's provisions, the [Pension] Plan necessarily applies only to members of the police force who receive honorable discharges.
>
> * * *

---

**(continued…)**

> participation under this Plan shall have been fulfilled, including but not limited to, completion of all forms required by the Plan Administrator.

R.R. at 55a.

9

> [T]he [Pension] Plan and the collective bargaining agreement incorporate an honorable discharge requirement. Nothing in the record suggests the union and the Township bargained to remove that requirement. To the contrary, as discussed above, the [Pension] Plan, incorporated by reference in the collective bargaining agreement, expressly renders ineligible any Participant whose employment ends before normal retirement age for any reason other than death or Total and Permanent Disability. R.R. at [108a].

*Wybranowski*, slip op. at 10, 12.

As we held in *Wybranowski* with respect to a disability pension benefit under the Pension Plan, the honorable discharge requirement of Act 600 has been likewise incorporated into the Pension Plan and the parties' collective bargaining agreement in order to qualify for a deferred vested benefit under Section 7.03 of that Plan. *Id.* As a result, because Officer failed to meet this honorable discharge requirement, the trial court did not err in granting the Township's motion for summary judgment and in denying Officer's motion for summary judgment. *Id.*

Accordingly, the trial court's order is affirmed.

MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Wybranowski, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 1811 C.D. 2019 |
| | : | |
| North Strabane Township | : | |

# **O R D E R**

AND NOW, this 14th day of July, 2021, the order of the Washington County Court of Common Pleas dated December 2, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge