# Collins, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Master and servant—Safe place to work—Contributory negligence—Case for jury—Practice, C. P.—Statement of claim—Amendment.*

1. A railroad company which permits a hole with a make-shift cover, likely to be disarranged, to exist upon its platform where men are constantly employed in loading freight may be found guilty of negligence in not maintaining a reasonably safe place to work.

2. In an action by an employee against a railroad company to recover damages for personal injuries, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury, where it appears that at the time of the accident the plaintiff and another man were working on the platform from which freight was loaded into defendant's cars; that there was a hole in the floor of the platform which had existed there for at least two weeks prior to the accident, which defect was known to the defendant's foreman and to the plaintiff and his fellow workmen, that the hole was covered with a sheet of loose iron thrown over it by order of the defendant's foreman, and not secured or made fast in any manner; that at the time of the accident the iron happened not to be over the hole; that the plaintiff was engaged in loading a car with furniture, for this purpose using a two

wheel truck which had upon it a heavy crate; and that the injury was caused by the wheel of the truck going into the hole so that the case fell upon him; there being no evidence that the plaintiff performed his work in an unusual or careless manner or that he knew that the cover was off and that the truck was about to slip into the hole.

3. In such a case the danger to the plaintiff was not so obvious and imminent that it could be said as a matter of law that he assumed the risk of the possibility of the hole becoming uncovered and the wheel of the truck slipping into it.

4. Where in such a case the court has erroneously entered a judgment of nonsuit, such judgment will not be affirmed because it appears that an amendment to the plaintiff's statement of claim was made after the statute of limitations had run, both statements averring the existence of the improperly guarded hole as a specific ground for negligence, where the proofs upon the trial substantiated the case as finally pleaded, but differed from the precise averments of the first statement of claim, which, if proved, might have shown contributory negligence, where the plaintiff explained that he could not read and that the lawyer who drew the first declaration had failed to state the case fully according to its actual facts as detailed to him.

Argued Jan. 15, 1914.   Appeal, No. 218, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1909, No. 2655, refusing to take off nonsuit in case of John Collins v. Philadelphia and Reading Railway Company.   Before Fell, C. J., Mestrezat, Elkin, Stewart and Moschzisker, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before Carr, J.

The opinion of the Supreme Court states the facts.

The lower court entered a nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Henry John Nelson,* for appellant.

*Wm. Clarke Mason,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 16, 1914:

John Collins, the plaintiff, had his right ankle fractured while employed by the defendant company as a freight handler at one of its yards in Philadelphia. At the time, April 25, 1909, at about 2 o'clock in the afternoon, Collins and another man named Vesey, were working on a platform from which freight was loaded into the defendant's cars. The plaintiff's evidence showed that there was a hole in the floor of this platform about four or five inches in width and eight to ten inches long, which had existed there for at least two weeks prior to the accident; that this defect was known to the defendant's foreman in charge of the men who were employed thereabouts, and to the plaintiff and his fellow-workmen; that the only means used to avoid danger from this hole was a sheet of loose iron thrown over it and not secured or made fast in any manner; that this cover was used for that purpose by order of the defendant's foreman; that at the time of the accident the sheet of iron happened not to be over the hole; that the plaintiff and his working mate were then engaged in loading a car with furniture, and for this purpose they used a two wheel truck which at the moment had upon it a crate or case weighing between three and four hundred pounds; that the truck was guided by the man who pulled it, and the accident happened in this way: "We were going along the floor of the platform, John Vesey was pulling the truck and I was steadying the case in back of it, and ......as he turned to go into the car door, the hole was in the floor......outside the car door, the wheel of the truck went into the hole and turned the case on top of me and broke my ankle." At the close of the testimony produced by the plaintiff, counsel for the defendant moved for a nonsuit,—"because there is no proof of negligence at all as to the defendant." This motion was granted and the court below subsequently refused to change its determination. The plaintiff has appealed.

If the defendant permitted a hole with only a makeshift cover, such as here described, to exist upon its platform, where men were constantly employed, presumably with attention fixed upon their several duties, it clearly could be found guilty of not maintaining a reasonably safe place to work; hence, the nonsuit cannot be justified upon the ground of lack of proof of negligence on its part. There was no evidence which would justify a nonsuit upon the ground that contributory negligence had been plainly shown, e. g., that at the time of the accident either of the men employed in loading the car performed his work in an unusual or careless manner, or that they must have known the cover was off, or that the truck was about to slip into the hole; and the immediate danger to the plaintiff was not so obvious and imminent that it could be said as a matter of law that he had assumed the risk of the possibility of the hole becoming uncovered and the wheel of the truck slipping into it. On the whole we are convinced that the several issues involved should have been submitted to the jury.

We see no merit in the contention of counsel for the appellee that, since an amendment was made after the statute of limitations had run, the proofs ought to have been restricted to the precise averments of the first statement of claim and upon that ground alone, if for no other reason, the judgment must be affirmed. Both the original and the amended declarations averred the existence of the improperly guarded hole as the specific ground of negligence relied upon, although the former recites a different state of facts consequent therefrom leading to the plaintiff's injury, which, if proved, might have shown contributory negligence. But the plaintiff explained that he could not read, and that the lawyer who drew the first declaration had failed to state the case fully according to its actual facts as detailed to him. The rule to amend was made absolute January 18, 1913, and a new statement of claim was filed January 20,

1913; the defendant took no exception in the court below at that time, but waited until the trial, April 18, 1913, when, after the plaintiff had produced evidence to substantiate his case as finally pleaded, a motion to strike out the testimony was made, upon the ground of a variance between the proofs and the averments in the original statement. This motion was properly refused.

The learned court below should not have entered the nonsuit, and substantial error was committed in the refusal to take it off; hence, the judgment is reversed, with a venire facias de novo.