# Kunkel v. Allentown Portland Cement Company, Appellant.

*Negligence—Master and servant—Fall of cement—Case for jury.*

1. In an action to recover damages for death of a laborer at the plant of the defendant, a cement manufacturing company, the case was for the jury where it appeared that the deceased was killed by the fall of a block of hard cement, which had been left hanging for a considerable length of time on the wall of a bin which the deceased was cleaning, there being no testimony that deceased had ever before that time been inside of the bin in question, though he had worked in similar bins, and it further appearing that, although the deceased had been warned to be careful and instructed as to a proper and safe method of clearing cement from the bins under ordinary conditions, he had never been cautioned concerning the

existence of the hardened cement block at the top of this particular bin, or instructed how to avoid that element of danger.

*Evidence — Expert testimony — Responsive answer — Unintelligible question.*

2. Where the testimony of an expert witness is responsive to the question put, no error is committed by the trial court in stopping the witness from continuing and stating reasons to reinforce the answer, such reasons not having been asked by the examiner.

3. A hypothetical question put to an expert witness is properly ruled out as unintelligible where it involves an assumption as to the size of an object which under the testimony is in doubt and it would be impossible for the jury if the question were answered as put to tell what sized object the witness had in mind.

Argued March 2, 1915. Appeal, No. 386, Jan. T., 1914, by defendant, from judgment of C. P. Berks Co., Aug. T., 1913, No. 110, on verdict for plaintiff in case of Kate A. Kunkel v. Allentown Portland Cement Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WAGNER, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and the refusal of the court to enter judgment for defendant n. o. v.

*George W. Aubrey* and *Cyrus G. Derr,* for appellant.

*C. H. Ruhl,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 12, 1915:

The plaintiff is the widow of Milton P. Kunkel, who was killed on June 19, 1913, while engaged at work as an employee of the defendant company; she sued on her own behalf and for a child of the deceased, alleging that

her husband's death was caused by the defendant's negligence; the jury returned a verdict in her favor, and the defendant has appealed.

Since the verdict was for the plaintiff, the evidence must be viewed in the light most favorable to her, and, whenever it is capable of sustaining more than one inference, conclusion or finding, that which makes most strongly for the plaintiff must be assumed to have been adopted; looking at the case from this aspect, the following facts appear: the defendant was a cement manufacturer; the deceased was a laborer who had worked, off and on, at its plant for several years; the defendant had twenty-four bins in which cement was stored; in removing the contents of any of these bins, after a certain quantity of cement was run out, men were sent into the enclosure with hoes, and they "kitched," or "hoed" the cement left in the bin to small openings; the deceased, with two other men, was engaged at this work when killed; the height of this particular bin was about eleven to fourteen feet, and in one corner, up near the ceiling, there was a block of hard cement, weighing approximately 1,000 pounds, which when detached was 8 feet long, 4 feet wide, and 8 inches thick; this block of hard cement was formed by the upper contents of the bin being moistened on the occasion of a fire at the plant about a year and a half before the accident, and, although the bin was cleaned out several times in the interval, this block was allowed to remain "hanging......
hardened against the wall"; the deceased had worked in other bins prior to the date of the accident, but there was no testimony that he had ever before that time been inside of the one in question; on the day of the accident, he was set to work in this bin by the defendant's foreman, and after he had been there about two minutes the hardened block of cement fell and killed him; although the deceased, together with the other employees of the defendant, had been warned to be careful, and instructed as to a proper and safe method of "kitching"

cement in the bins under ordinary conditions, yet, he had never been cautioned concerning the existence of the hardened cement block at the top of this particular bin, or instructed how to avoid that element of danger; while the bin was light enough for its occupants to see surrounding conditions, yet, the testimony in the case was not such as to impel the inference that deceased, an ordinary laborer, was sufficiently familiar with the adhesive and cohesive qualities of cement to realize that danger from the falling of the hardened block was to any degree imminent.

Inasmuch as the testimony in the case was capable of sustaining the foregoing findings of fact, there can be no doubt that the issues were for the jury. The appellant contends, however, that two errors were committed in the trial judge's rulings on evidence: first, that the court erred in not permitting an expert, called by the defendant, to give a full answer to a certain question put on his examination-in-chief. Counsel for the defendant asked: "What are they (men who work in cement bins, in the trade generally) cautioned to do?" The reply was: "To never remove cement from the bottom of a pile, or, in other words, form a cave in the cement, because"—at this point the witness was stopped by a general objection from counsel for the plaintiff, which was sustained. It will be observed that the expert had given a responsive, and apparently full, reply to the question put, so no error was committed in stopping him from stating reasons to reinforce his answer, when such reasons had not been asked by the examiner. The next assignment complains that the court erred in sustaining the plaintiff's objection to the following question asked the expert by counsel for the defendant: "Assuming that the top of the pile of cement had been formed into a cake of the dimensions of the cake indicated here in this trial, what warning or instructions are given to the men cleaning out the cement as to that cake or crust?" The notes of testimony show that one witness for the plaintiff said

this cake of hardened cement was "about 8 feet long and 4 feet across and about 8 inches thick," and another stated it was "about 8 feet long, 4 feet wide and 8 or 12 inches thick"; whereas, on the other hand, most of the witnesses for the defendant said that the bin had been absolutely cleaned out several times before the accident, and there was no block of hardened cement left in it; one of them, however, stated that there was a "little bit of cement, wet......on top......," and when asked the question, "How big a block was there on top?" he replied, "2½ feet long" and "about 2½ feet wide." With the testimony in this condition, it can readily be seen that the interrogatory in question was not intelligible, for, had it been answered as put, it would have been impossible for the jury to tell whether the witness had in mind a "cake" or "block" of cement of the size indicated by the witnesses for the plaintiff, or of the much smaller dimensions stated by the witnesses for the defendant; this fact alone is sufficient to justify the ruling of the trial judge here complained of.

The learned court below properly distinguished the case of Welch v. Carlucci Stone Co., 215 Pa. 34, relied upon by the appellant, in the following excerpt from its opinion refusing a new trial: "In that case an inexperienced person was put to work to remove earth from a bank; in doing so he removed the support of a large stone, by reason of which the stone slid and injured him. Here clearly we have a natural condition of affairs, such as you find in any stone quarry, with stones and earth intermingled, especially at the top, and due care consequently to be taken by those removing the ground, so that the stones which are imbedded in it do not lose their support, slide and injure a workman. What Mr. Justice ELKIN says applies to this natural condition, as is clearly shown, where on page 40 we have: 'It has been expressly held that when an employee engages to work in such places, he assumes the risks and dangers incident thereto and resulting from natural causes' "; and the other

cases cited by the appellant are likewise readily distinguishable on their facts. On the subject of assumption of risks, see: Bennett v. Standard Plate Glass Co., 158 Pa. 120; Madden v. Lehigh Valley R. R. Co., 236 Pa. 104, 109.; Collins v. Philadelphia & Reading Ry. Co., 244 Pa. 210, 213.

The assignments of error are overruled and the judgment is affirmed.