## Grandison *v.* Gregg, Appellant.

*Sheriff's interpleader—Execution—Claim by wife of defendant—Evidence as to wife's property.*

On the trial of a feigned issue in a sheriff's interpleader between the wife of the defendant in the execution, and the plaintiff in the execution, a verdict and judgment in favor of the wife will be sustained where the evidence tends to show that the wife prior to her marriage to the defendant had been formerly married, kept house, raised a family of children, and received at the time of her first husband's death much of the household property in controversy and a considerable sum in money; that the few additions made to this property were bought by her own money, and some of the money that she derived from the sale of milk, from keeping boarders, and gifts that were made by her son.

*Appeals—Assignments of error—Instructions—Exceptions.*

Assignments of error setting forth a portion of the charge and refusal to affirm a point are not in accordance with the rules, if it appears that no exceptions were taken to the instructions of which complaint is made.

Argued April 18, 1916.    Appeal, No. 79, April T., 1916, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1915, No. 6, on verdict for plaintiff in case of Mary Grandison v. J. N. Gregg.    Before Orlady, P. J., Henderson, Kephart, Trexler and Williams, JJ.    Affirmed.

Feigned issue to determine ownership of goods taken in execution.    Before Doty, P. J.

At the trial it appeared that the property in question was mainly household goods claimed by the plaintiff.    The evidence in favor of the plaintiff is summarized in the opinion of the Superior Court.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was various instructions quoting them.

*Carroll Caruthers,* with him *Adam B. Shaffer,* for appellant, cited, Hilton v. Liebig Mfg. Co., 59 Pa. Superior Ct. 460; Heiges v. Pifer, 224 Pa. 628; Taylor v. Paul, 6 Pa. Superior Ct. 496; Gamber v. Gamber, 18 Pa. 363; Auble v. Mason, 35 Pa. 261; Clow v. Woods, 5 S. & R. 275.

*Chas. C. Crowell,* for appellee, cited: Hilton v. Liebig Mfg. Co., 59 Pa. Superior Ct. 460; Jack v. Kintz, 177 Pa. 571; Spering v. Laughlin, 113 Pa. 209; Baxter v. Maxwell, 115 Pa. 469.

Opinion by Kephart, J., July 18, 1916:

This is an appeal from a feigned issue to determine the title to personal property.    The claimant was the wife

of the defendant in the execution. She is required to substantiate her claim by proof sufficient to repel all adverse presumptions. The burden is on her to show that the property itself was her separate property by gift, descent, or otherwise, or that the money which she put into the property was her own money or obtained upon her own credit and that it was not the property of her husband or obtained with money or upon his credit. This she must show by proof that is clear, full and satisfactory: Hilton v. Liebig Mfg. Co., 59 Pa. Superior Ct. 460. A plain and satisfactory case should be made out by the wife before she can be permitted to hold property against honest creditors of her husband.

The wife showed that prior to her marriage to the defendant in the execution she had been formerly married, kept house, raised a family of children and received at the time of her first husband's death much of the household property in controversy, and the sum of $500 in money; that the few additions that were made to this property were bought by her own money and some of the money that she derived from the sale of milk, from keeping boarders, and gifts that were made by her son. She was entitled to all this property and it was not subject to the husband's debts.

The court instructed the jury that "personal property in the possession of a husband and wife is prima facie the property of the husband, and the burden of proof is on the wife to show by clear and convincing evidence that the property claimed by her, is actually her property." This is surely all that the plaintiff in the execution could ask. The language used was a trifle stronger than our cases would warrant but certainly the appellant has no ground of complaint.

The first and third assignments are not in accordance with the rules. No exceptions were taken to the refusal of the court below to affirm the point, or to the charge of the court, as here assigned for error.

After a careful examination of the testimony we are

not convinced that the court abused its discretion in refusing to grant a new trial.

The assignments of error are overruled and the judgment is affirmed.