# Whitton, Appellant, *v.* H. A. Gable Company.

Argued May 24, 1938. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Earl V. Compton,* for appellant.

*W. E. Shissler* and *Paul G. Smith,* for appellee, were
not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 30,
1938:

Appellant was injured by a fall upon the ice in the
vicinity of appellee's building, a corner property abut-
ting on two streets. The testimony was conflicting as to
whether she fell in the cartway or one or the other of
appellee's sidewalks. One of these walks was in a dan-
gerous condition due to the formation of ice and snow in
ridges caused by trucks throwing snow on the pavement.
The other had been recently cleaned and was covered
only by a thin layer of smooth ice. The trial judge left
to the jury the place where appellant fell and whether
appellee had been negligent with respect to her injury.

The jury returned a specific finding of no negligence, and this appeal followed.

There is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times. These formations are natural phenomena incidental to our climate. See *Goodman v. Corn Exchange National Bank & Trust Co. et al.,* 331 Pa. 587; *Thomas v. City of New Castle,* 96 Pa. Superior Ct. 251, 253; *Bailey v. Oil City et al.,* 305 Pa. 325, 328; *Kohler et ux. v. Penn Township,* 305 Pa. 330, 332; *Beebe et al. v. Philadelphia,* 312 Pa. 214. Snow and ice upon a pavement create merely transient danger and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. See *Philadelphia v. Bergdoll,* 252 Pa. 545, 551; *Goodman v. Corn Exchange National Bank & Trust Co. et al.,* supra. There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence.

In the present case it appeared that the Second Street sidewalk of appellee's property had been recently cleaned and was covered only by a thin coating of ice. Such a condition could have given rise to no liability for injury to persons who fell upon it. As to the Cherry Street sidewalk, the testimony was that although it had been cleaned after a heavy snowfall, ridges had been formed by the snow freezing after being forced upon the pavement by heavy trucks passing in the narrow cartway. The removal of this condition was made almost impossible by the continued cold weather and the packing down of the snow and ice by the wheels of these vehicles. Appellant testified she fell on the Second Street sidewalk, and there was testimony that she fell in the cartway. Under these circumstances it was for the jury to determine the place of her fall and whether or not

appellee had been negligent or had any duty with respect to that place. The jury having found no negligence, the evidence must be reviewed in the light most favorable to appellee: *Kunkel v. Allentown Portland Cement Co.*, 249 Pa. 104, 106. It must therefore be assumed that the jury found that appellant fell on the Second Street sidewalk, or in the cartway, or if on the Cherry Street sidewalk, that appellee was not negligent in respect to its condition.

The trial court did not commit error in charging the jury on the question of contributory negligence. Appellant objects to that portion of the charge stating that if there was a safer route known to appellant and available to her, the jury might find her negligent for failing to take it. This is a correct statement of the law, as appellant concedes, but she contends that it was not applicable because there was no evidence that a safer way existed or was known to her. There was some testimony to the effect that appellant could have used other streets to reach her destination. The charge left the question entirely to the jury with proper instruction that they must find that appellant had knowledge of a safer route in order to charge her with contributory negligence.

Appellant's counsel objected to the charge on this point as originally given, but after it had been rephrased by the court no objection was taken, and counsel expressed his satisfaction. It is well settled that advantage may not be taken, on appeal, of an error in the charge unless specifically excepted to: *Senita v. Marcy*, 324 Pa. 199; *Grandison v. Gregg*, 64 Pa. Superior Ct. 70. But as the jury found no negligence on the part of appellee the question of contributory negligence passes out of the case, and any error in the charge in this respect would not have been prejudicial.

Judgment affirmed.