# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephanie Silfies,  :
                    Appellant  :
                               :
                v.             :  No. 1796 C.D. 2019
                               :  SUBMITTED: September 17, 2020
City of Allentown              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  January 26, 2021**


Stephanie Silfies (Plaintiff) appeals from orders of the Court of Common Pleas of Lehigh County in her personal injury action against the City of Allentown.  The jury reached a defense verdict that the City was not negligent.  Plaintiff seeks a new trial based upon what she contends were prejudicial errors by the trial court.  We adopt the trial court's opinion and affirm its order denying Plaintiff's post-trial motion for a new trial.

The record in this case is voluminous, but the undisputed facts for purposes of considering this appeal may be summarized as follows.  On the afternoon of July 20, 2015, Plaintiff took her teenaged son and his friend to Joseph Daddona Park to eat lunch.  Plaintiff parked her car and, with her son and his friend, walked through Daddona Park to and across a pedestrian bridge in order to sit in the shade of a tree.  Upon reaching the end of the bridge, Plaintiff encountered a descent consisting of two steps (the first step onto a single stone stair adjacent to the end of

the bridge and a second step to the ground). Plaintiff stepped off the bridge with her right foot onto the single stair. Plaintiff fell and her right lower extremity—which was previously compromised by a severe injury to her right ankle which had required multiple surgeries, as well as amputation of all her toes[1]—suffered a compound spiral fracture. After several months of unsuccessful treatment attempting to heal the fracture, Plaintiff's right leg was amputated below the knee.

Plaintiff filed a complaint consisting of a single count of negligence against the City in July 2017. Among the defenses raised in the City's amended answer and new matter was whether recovery was prohibited by what is known as the Recreational Use of Land and Water Act (RULWA).[2] RULWA was enacted "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability." Section 1 of RULWA, 68 P.S. § 477-1. At the conclusion of the pleadings, the City filed for summary judgment asserting immunity under RULWA and Plaintiff filed for partial summary judgment to the effect that RULWA was inapplicable. The trial court denied both motions and permitted testimony concerning the factors relevant to the applicability of RULWA and the ultimate issue of whether RULWA applied.

A jury trial was held from June 10 to June 14, 2019. Prior to trial, Plaintiff filed a motion *in limine* to preclude evidence and argument that she was

---

[1] The history of previous injuries to Plaintiff's right lower extremity is difficult to piece together. Her treating podiatrist's record storage company had lost several years of records at the time he was deposed.

[2] The Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§ 477-1 – 477-8. We note that during the pendency of the case, RULWA was amended by the Act of October 24, 2018, P.L. 671 (effective December 24, 2018). These amendments were enacted before the filing of the cross-motions for summary judgment and became effective after the filing of said motions. The trial court applied the former law and there is no argument before this Court that the trial court erred.

2

obligated to use and/or negligent for not using another path. By order dated February 1, 2019, the trial court denied this motion. Also prior to trial, the trial court ruled that Plaintiff's conviction of a summary offense of retail theft was admissible as evidence of *crimen falsi*.

After the parties had rested, the City moved for a nonsuit and directed verdict on the basis of RULWA, which motion the trial court denied. The trial court conducted a charging conference with counsel for the parties, during which the trial court determined as a matter of law that RULWA did not apply and that the City was not immune from suit.[3] The trial court instructed the jury to disregard all testimony on RULWA (Notes of Testimony June 14, 2019; Reproduced Record "R.R." at 1870a), and, with the agreement of the parties, gave instructions on the applicable law using the points for charge jointly offered by the parties regarding the issues of negligence, factual cause, comparative negligence, and the duty of a landowner to a public invitee and the duty owed to Plaintiff.

During deliberations, the jury submitted a written question to the trial court:

> If Recreational law does not apply then what law apply's [sic] to the bridge concerning maintenance [sic], safety[,] and signage? And how does it apply to people with disabilities?

(Court Ex. 1; R.R. at 2095a.) The trial court conferred with counsel outside the jury's presence. The trial court denied Plaintiff's request to instruct the jury on signage requirements under the Americans with Disabilities Act of 1990 (ADA).[4]

---

[3] Plaintiff had requested a supplemental jury charge advising the jury to ignore the testimony of the City's expert witness, John Nawn, P.E., to the effect that RULWA applied.

[4] 42 U.S.C. §§ 12101-12213.

The trial court responded to the jury's question by stating that the only legal standard applicable to the circumstances of the case was negligence and that RULWA was inapplicable. Noting that some jurors shook their head "yes" to the potential rereading of the jury charges and others shook their head "no," the trial court asked the jury to go back and talk about it, offering to reread the entire charge if the jury wished him to do so. Shortly thereafter, without requesting the rereading of the charge or further instruction, the jury returned with a defense verdict by a vote of 11 to 1, finding that the City was not negligent. The trial court denied Plaintiff's post-trial motion for a new trial and, upon appeal to this Court and the filing of a statement under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure by Plaintiff, issued an opinion under Pa. R.A.P. 1925(a).

On appeal, Plaintiff raises the following issues, which we have paraphrased for the sake of conciseness:

> 1. Whether the trial court created prejudicial error by denying Plaintiff's motion for partial summary judgment on RULWA and directing that evidence of the applicability of the law be developed/reconsidered at trial, thereby creating unnecessary prejudicial confusion of issues for the jury; and whether the error was adequately remedied by the trial court's charge to disregard any evidence on RULWA.
>
> 2. Whether the trial court committed prejudicial error by not properly handling the jury question and failing to reread various charges and not answering questions concerning the duty owed to persons with disabilities.
>
> 3. Whether the trial court committed prejudicial error in denying Plaintiff's motion *in limine* to preclude evidence and argument that she was obligated to use or negligent for not using a different path and/or that she assumed the risk by her choice of paths.

4

4. Whether the trial court committed prejudicial error by ruling prior to trial that Plaintiff could be cross-examined on a prior guilty plea of retail theft in 2012 and giving a charge on *crimen falsi* where there was not a "certified conviction" of the offense and the offense was eligible for expungement.

(Pl.'s Br. at 4-5.)

We have carefully reviewed the trial court's opinion under Pennsylvania Rule of Appellate Procedure 1925(a), which we believe ably addresses these issues. Therefore, we adopt the trial court's opinion (appended hereto) and affirm the trial court's denial of Plaintiff's post-trial motion for a new trial.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephanie Silfies, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1796 C.D. 2019 |
| | : | |
| City of Allentown | : | |

# **O R D E R**

AND NOW, this 26th day of January, 2021, the December 5, 2019 opinion of the Court of Common Pleas of Lehigh County appended hereto is ADOPTED and the order of that court denying Appellant Stephanie Silfies' post-trial motion for a new trial is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

Stephanie Silfies                  :
    - VS -                          :
Allentown City                     :    File No. 2017-C-2213
                                   :    Assigned Judge:  Edward D. Reibman
                                   :
                                   :

## OPINION

\*     \*     \*

APPEARANCES:

    Michael A. Snover, Esq.
    LAW OFFICE OF MICHAEL A. SNOVER
    Bethlehem, PA
        --On behalf of Plaintiff Stephanie Silfies

    Maraleen D. Shields, Esq.
    FITZPATRICK LENTZ & BUBBA, P.C.
    Center Valley, PA
        --On behalf of Defendant Allentown City

\*     \*     \*

**REIBMAN, P. J.:**

Plaintiff Stephanie Silfies ("Silfies") suffered injuries when she fell at approximately

6:00 p.m. on July 20, 2015, while crossing a pedestrian bridge located within the Defendant City

of Allentown's Joseph S. Daddona Lake & Terrace Park ("Daddona Park"). A jury trial was

1

held from June 10, through June 14, 2019, that resulted in a verdict in favor of the Defendant City of Allentown (the "City").[1]

Daddona Park consists of eleven acres of land which were gifted to the City in 1932. It includes greenspace, a manmade lake, an amphitheater, a portion of Cedar Creek and a pedestrian bridge over Cedar Creek as one of several ways to access a picnic area. The lake was constructed in 1934/1935. The bridge was affixed to the property as early as 1938. Silfies fell while crossing the bridge. In essence, Silfies claimed the City was negligent in failing to properly maintain the bridge. She raises seven errors in her post-trial motions, each of which will be addressed seriatim.

## I. Applicability of the Recreational Use of Land and Water Act

Prior to trial, Silfies filed a motion for partial summary judgment and the City filed a motion for summary judgment on the applicability of the Recreational Use of Land and Water Act (the "RULWA"), 68 P.S. §§ 477-1 – 477-8. The RULWA was adopted "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability." 68 P.S. §477-1. It provides, subject to certain conditions, that:

> ... an owner of land owes no duty of care to keep the premises safe
> for entry or use by others for recreational purposes, or to give any
> warning of a dangerous condition, use, structure, or activity on
> such premises to persons entering for such purposes.

68 P.S. §477-3. It specifically includes "picnicking" as a "recreational purpose" for which the protected land may be used. 68 P.S. §477-2 (3). And it defines "land" as follows:

> ... land, roads, water, watercourses, private ways and buildings,
> structures and machinery or equipment when attached to the realty.

---

[1]     Trial was initially scheduled to commence on February 4, 2019. A jury was selected and empaneled on that day and told to return at 9:30 the next morning for opening statements and the presentation of evidence. At approximately 9:15 a.m. on February 5, Silfies requested a delay of an undetermined amount of time due to a medical emergency. The court declared a mistrial, and the trial was re-scheduled to June 10, 2019.

68 P.S. §477-2 (1).

The City contended it was immune from liability under the RULWA; Silfies contended

the RULA did not apply to this case. The court denied both motions by order of February 4,

2019. In reaching that decision, the court reviewed various cases to discern the relevant factors

relied upon to determine the applicability of the RULWA and concluded it was not clear on the

then-developed record that either party was entitled to summary judgment on that issue as a

matter of law.[2] Accordingly, evidence as to the applicability of the RULWA was admitted at

trial.

---

[2]     The court's analysis, as reflected by its order of February 4, 2019, follows:

*           *           *

One of those conditions to maintain immunity is that the owner of the land not charge
an admission price or fee to the person or persons who enter upon the land for recreational use.
See 68 P.S. §477-6. That condition was met here; [Silfies] did not, and was not required to, pay a
fee or admission charge to enter or maintain her presence within the park.

In analyzing whether RULWA bars [Silfies'] claims, the Court must determine (1)
whether RULWA applies to the park as a whole and (2) whether RULWA applies to the bridge
upon which [Silfies] allegedly fell. See Stone v. York Haven Power Co., 749 A.2d 452 (Pa. 2000)
(RULWA applied to a lake created by the damming of a river to which the public has access for
recreational activities, but not to the dam which created the lake); Bashioum v. Cnty. of
Westmoreland, 747 A.2d 441, 446 (Pa. Commw. Ct. 2000) (RULWA applied to a 400-acre park of
largely unimproved land held open to members of the public for recreational use without charge,
but not to a slide erected in the park, stating "the proper focus should be on the specific area where
the injury occurred or the specific area which caused the injury" to determine whether RULWA is
applicable or not). See also Ruspi v. Glatz, 69 A.3d 680, 688 (Pa. Super. Ct. 2013) (even though
"the areas surrounding [the at-issue, large body of water] are highly developed, ... this Court's
focus *must be on the specific land where the injury occurred, rather than on the property as a
whole.*") (emphasis added).

*           *           *

A number of factors are deemed relevant in determining whether a particular piece of
land or improvement thereon is covered by RULWA. Those factors include use, size, location and
openness, see Rivera v. Phila. Theological Seminary, 507 A.2d 1 (Pa. 1986), and the nature of any
improvement on the land. See Yanno v. Consol. Rail Corp., 744 A.2d 279, 282 (Pa. Super. Ct.
1999).

It appears RULWA would apply, generally, to the park. However, whether RULWA
would apply to the bridge depends upon the application of those factors, particularly whether the
bridge is merely an ancillary structure that supports the recreational activities available at the park,
in this case picnicking, or is a structure that creates a recreational activity and requires regular
maintenance and inspection for it to be used safely. See Stone, 749 A.2d at 455.

3

In *Stone*, RULWA did not apply to the dam because the dam created the lake for recreational activity and proper maintenance of the dam was essential to its intended use of blocking the river for the continued. safe existence of the lake. Similarly, in *Bashioum*, RULWA did not apply to the slide because it was not an ancillary structure or improvement to the park, but a separate activity installed in the park by the county that required regular inspection and maintenance so that the slide could be used and enjoyed safely. 747 A.2d at 445. RULWA did not apply in *Walsh v. City of Philadelphia*, 585 A.2d 445 (Pa. 1991), where a person fell in a hole in the blacktopped surface between a basketball court and a bocce court. The Supreme Court stated:

> When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements. When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability.

585 A.2d at 450. *See also Rivera v. Phila. Theological Seminary*, 507 A.2d 1 (Pa. 1986) (no immunity for indoor swimming pool); *City of Phila. v. Duda*, 595 A.2d 206 (Pa. Commw. Ct. 1991) (no immunity for outdoor swimming pool); *DiMino v. Borough of Pottstown*, 598 A.2d 357 (Pa. Commw. Ct. 1991) (no immunity for playgrounds); *Brown v. Tunkhannock Twp.*, 665 A.2d 1318 (Pa. Commw. Ct. 1995) (no immunity for bleachers at a baseball field); *Seifert v. Downingtown Area Sch. Dist.*, 604 A.2d 757 (Pa. Commw. Ct. 1992) (no immunity for lacrosse field); and *Mills v. Commonwealth of Pennsylvania*, 633 A.2d 1115 (Pa. 1993) (no immunity for a grassy area contained within the highly developed Penn's Landing area of Philadelphia).

On the other hand, RULWA was held to apply in *Brezinski v. Cnty. of Allegheny*, 694 A.2d 388 (Pa. Commw. Ct. 1997), where plaintiff fell down an earthen embankment, not on any improvement, in a county-owned park while walking downhill from a picnic pavilion to the parking lot. The land had been "sculpted" for the picnic pavilion, but the Commonwealth Court concluded the park was unimproved because the "sculpting" of the land was a "one-time modification [of the land that] would not have required regular maintenance ...". 694 A.2d at 390. *See also Pomeren v. Com., Dept. of Env't Res.*, 550 A.2d 852 (Pa. Commw. Ct. 1988) (immunity where fall in two-inch mud hole on outdoor earthen hiking trail in state park not a dangerous improvement because it was natural and not man-made); *Yanno v. Consol. Rail Corp.*, 744 A.2d 279 (Pa. Super. Ct. 1999) (immunity where injury on abandoned railroad trestle located on 9.6-mile strip of remote and rural wooded property); *Davis v. City of Phila.*, 987 A.2d 1274 (Pa. Commw. Ct. 2010) (immunity for somewhat regularly mowed field, but no evidence of any specific improvements thereon or that the field required maintenance); and *Stanton v. Lackawanna Energy, Ltd.*, 951 A.2d 1181 (Pa. Super. Ct. 2008) (immunity for single, skeletal gate located on over one hundred acres of largely unimproved land).

Summary judgment is appropriate "[o]nly where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law." *Dailey v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012). Here, the bridge is a manmade structure on an eleven-acre park within the City of Allentown, not on a large, undeveloped tract of land in a remote and rural area. The record indicates the City has, at the very least, maintained the area around the bridge on a semi-regular basis. *See, e.g.,* Holtzman Dep. 47:8-48:5, April 2, 2018 (superintendent of City's park maintenance testifying that if he "came to [the subject] pedestrian bridge ... and saw that it was in [a weeded] condition" he would "weed whack that area to clean up" the bridge's steps); Alkhal Dep. 52:24-54:16, April 2, 2018 (City's maintenance worker indicating that "if he saw vegetation growing around the pedestrian bridge," he would "weed whack" and "spray" the area). As the City, through its employees, has by all accounts assumed the responsibility of keeping the bridge area tidy so that it could remain as an access point to Daddona Park, it cannot thereafter shirk from "the normal duty of maintaining [its] property in a

4

One of the factors to be considered in determining whether the RULWA applied was whether the bridge was an improvement to a recreational facility that required "regular maintenance to be safely used and enjoyed." _Walsh v. City of Philadelphia_ ,585 A.2d 445, 450 (Pa. 1991). The record established pre-trial indicated the City maintained the premises intermittently by mowing or weeding only when vegetation was observed growing around the pedestrian bridge. However, Silfies fell in July, and, at trial, the City's maintenance worker testified he would mow the grass, trim the weeds, and spray around the pedestrian bridge on a weekly basis, instead of on an intermittent basis, from the months of April through November, when Silfies fell. _N.T. June 11, 2019_, at 125:15-17, 126:15-19. With that clarification, the court concluded as a matter of law the City was not entitled to the immunity afforded by the RULWA; instructed the jury to disregard all testimony on the RULWA, _N.T. June 14, 2019_, at 105:1-5; and gave standard instructions on the applicable law using the points for charge jointly offered by both parties regarding the issues of negligence, factual cause, comparative negligence and the duty of a landowner to a public invitee and the duty owed to Silfies.[3]

---

manner consistent with the property's designated and intended use by the public." _Hatfield v. Penn Twp._, 12 A.3d 482, 488 (Pa. Commw. Ct. 2010) (citation omitted).

The City mows, weeds, and sprays the park on a somewhat regular basis, already expending resources and energy to maintain it. Although the bridge does not create any recreational activity independent of that already available on the land, it is a necessary conduit to access the picnic area which the City has created. It is reasonable to expect that the bridge, located where it is and the function it serves, would be used regularly by a diverse group of persons to access the picnic area. It is also reasonable to expect the City, which owns and maintains the park, to therefore maintain the bridge in an appropriate condition. The court may revisit this decision in the event the evidence at trial fails to support these observations.

[3]     Both parties agreed to have the court instruct the jury on the law of negligence in accordance with the standard points found in the Pennsylvania Suggested Standard Civil Jury Instruction ("Pa.S.S.C.J.I") and submitted joint requested points for charge for the court's consideration. Based upon this agreement the court advised both counsel that the jury would be given the following suggested standard jury instructions:

Pa.S.S.C.J.I 13.00- Issues in the case,
Pa.S.S.C.J.I 13.10- Negligence,
Pa.S.S.C.J.I 13.20- Factual cause,
Pa.S.S.C.J.I 13.180- Plaintiff's Comparative Negligence,

5

Once the court concluded the RULWA was not applicable, ultimately adopting Silfies'

position, any allegation of error by Silfies for not making that decision earlier in the trial was

harmless. *Whitton v. H.A. Gable Co.*, 200 A. 644, 646 (Pa.1938).[4]

Nonetheless, Silfies claims the jury was confused by allowing into evidence testimony

concerning the City's immunity under the RULWA. Specifically, Silfies claims the jury was

confused by the testimony of the expert witnesses who discussed the RULWA and the court

failed to give an effective instruction to the jury that it disregard the testimony concerning the

applicability of the RULWA.

In pertinent part, the court's initial charge to the jury, before the jury began its

deliberations, provided:

> Now, during the course of the trial, you heard testimony from a
> number of the witnesses regarding the Recreational Use of Land
> and Water Act. There was some testimony about whether a fee was
> charged or not to enter the park. There was also some other
> testimony regarding what the act requires and whether it applies in
> this case. The decision of whether that act applies in this case is a
> legal decision and not a factual decision, and I have made a
> decision in the case that the act does not apply. So any testimony
> with respect to the Recreational Use of Land and Water Act, you
> may disregard.

N.T., 6/14/19, at 104:18-105:5.

---

Pa.S.S.C.J.I 13.190- Apportionment of Comparative Negligence and Single Defendant,
Pa.S.S.C.J.I 13.210- Plaintiff's Contributory Negligence,
Pa.S.S.C.J.I 13.260- Instruction Summarizing Issues for Jury,
Pa.S.S.C.J.I 13.290- Verdict Form-Comparative Negligence Defense Asserted-Single Defendant.

*N.T. June 13, 2019*, at 212:16-213:1.

The court also gave the standard jury instructions concerning the duty of care that an owner or occupier of land owed an individual based upon the status of the person who comes upon the land as stated in Pa.S.S.C.J.I 18.00, 18.10, and 18.40. *N.T. June 13, 2019*, at 213:2-25.

[4]   It is ironic that Silfies now claims the court erred by not deciding the applicability of the RULWA pre-trial. If anything, the record then-developed militated in favor of deciding the applicability of the RULWA in the City's favor and a dismissal of the case.

The fact the jury found for the City does not prove any jurors were confused. Rather, to support her conclusion the jury was confused, Silfies relies upon a written question the jury submitted to the court during its deliberations. That question was:

> If Recreational law does not apply then what law apply's [sic] to the bridge concerning maintenance [sic], safety and signage? And how does it apply to people with disabilities?

Court Exhibit No. 1.

In response to the jury's question, the court conferred with counsel outside the presence of the jury.[5] *N.T. June 14, 2019*, at 145. It proposed to respond to the jury's question by reiterating its earlier instruction that the jury disregard the RULWA and that it is to apply the law of negligence to the facts of the case. *N.T. June 14, 2019*, at 146:2-5. Silfies requested the court instruct the jury that no fee was required to be paid for the City to owe a duty to an invitee and that the court re-read the standard jury instruction regarding landowner liability. [6] *N.T. June 14, 2019*, at 146:6-12. The court responded that negligence was the only legal standard applicable to the circumstances of the case and that the RULWA was not applicable. Silfies' counsel agreed. *N.T. June 14, 2019*, at 148:18-25.

The jury was returned to the courtroom and the court then responded as follows to the jury's question:

---

[5]     In her post-trial motion. Silfies states: "The Court read the question to the parties in open Court just prior to the jury's return to the Courtroom but did not provide a written copy of the question to the parties at the time of trial." Plaintiffs' [sic] Post-Trial Motions for a New Trial, filed on 6/21/19, at p.10, ¶15. The import of that statement is not clear. In any event, Silfies did not request to see the written question and did not take any exception to the way the court dealt with it.

[6]     Silfies specifically requested that the court reread Pa.S.S.C.J. 1 18.40 which refers to the duty of a landowner owed to an invitee. The Court had already given the jury instructions concerning the City's duty owed to Silfies as a public invitee, and the City was not contesting Silfies status in that regard. *N.T. June 14, 2019*, at 157:20-25-158:1. Silfies' reference to a fee relates to the application of the RULWA. The court had already ruled the RULWA was inapplicable. Granting Silfies' proposed jury instruction might have created confusion by referencing inapplicable law. A trial court must instruct the jury on the correct legal principles applicable to the facts presented at trial. *Commonwealth v. Cox*, 686 A.2d 1279, 1286 (Pa. 1996).

7

THE COURT:    There is a statute in Pennsylvania Called the Recreational Use of Land and Water Act. In order for a particular property to come under that statute, there are a number of factors that have to be met. I decided as a matter of law those factors have not been met and, therefore, that statute does not apply in this case. Even though you heard testimony during the course of the trial of references to the Recreational Use of Land and Water Act and you heard testimony regarding some of those factors that may be applicable to the act, but I didn't rule on that issue until I heard the evidence, because I had to decide whether there were sufficient factors there for the act to apply. It was a legal decision not a factual decision, which as I understand the law, it was my responsibility to decide that question. I decided that the Recreational Use of Land and Water Act has not been met. It's not applicable, and you should disregard any evidence with regard to that act.

What's left in this case is the issue of negligence, and it's your responsibility to decide this case based upon the standards, the definition of negligence that I gave you, and understanding what the city's obligation is to its public invitees, and I stated in my charge that Ms. Silfies was a public invitee. So that aspect is how you have to measure the obligations of both the city and Ms. Silfies in this case. That is to say, was the City of Allentown negligent -- let me back up.

First of all, understanding what the City of Allentown's duty was to its public invitee which included M[s.]Silfies. Secondly, did the city breach that duty? Was it negligent in terms of dealing with that duty? And if it was, was that negligence a factual cause of harm to Ms. Silfies? If you answer yes to all of those, then you go to the question: Was Ms. Silfies negligent, and was her negligence a factual cause of harm to her? And if you answer yes to that, then you do the apportionment between the two sides.

What you need to decide in this case is not the Recreational Use of Land and Water Act. Forget that. I took it out of the case. What you have to decide this case on are the standards that the city owes to its public invitees and whether the city was negligent and if its negligence was a factual cause of harm. Then, again, you go back to Ms. Silfies and ask whether she herself was negligent and whether her negligence was a factual cause of harm. I'm going to ask you to go on back. If you want me to read the charge back in terms of what is negligence, the definition of negligence, if you want me to read factual cause, if you want me to read the public invitee standard, I'll do that. I see some of you nodding yes, some nodding no, but what

8

I would like you to do is go on back there and talk about it yourselves. I'll ask the lawyers to stay here a few moments and see whether you want to come back in and you want me to reread those charges. If you do, I will. If you don't, keep deliberating. Okay?

*N.T. June 14, 2019*, at 156:25-159:12.

Silfies' contention that the jury was confused because of the admission during the trial of evidence concerning the RULWA is not based on any objective facts.

First, the jury's note does not indicate any confusion about the RULWA. On the fact of it, the jury's note reflected its understanding and acceptance that the RULWA was not applicable to the case: "If Recreational law does not apply then what law apply's [sic] ...".

Second, the jury was instructed to disregard evidence concerning the RULWA, and it is well-settled that juries are presumed to follow the instructions of a trial court to disregard inadmissible evidence. *Commonwealth v. Simpson*, 754 A.2d 1264, 1272 (Pa. 2000).

Third, while some of the jurors nodded in the affirmative concerning a re-reading of the charge with respect to negligence, the jury was instructed to discuss it among their fellow jurors first and then, if requested, the court would read the charge to them again. The court had no idea how many jurors and what portions of the charge should be re-read and did not want to invite the possibility any of the jurors would initiate a discussion in open court about the charge or anything else while they were in the midst of their deliberations. Consequently, the jurors were returned to the jury room and given the opportunity to identify any confusion and request a re-reading of any specific areas of the charge rather than the court guessing what portion(s) of the charge to review. *N.T. June 14, 2019*, at 159:7-12. The jury did not request any further clarification before reaching its verdict. *N.T. June 14, 2019*, at 159:25.

Fourth, during the charging conference with counsel before their closing arguments, the court stated its intention to instruct the jury to disregard all evidence concerning the RULWA.

9

> THE COURT: I will give an instruction to the jury simply saying
> that all the testimony with respect to the Recreational Use of Land
> and Water Act should be disregarded.

*N.T. June 14, 2019*, at 5:22-6:2. Nonetheless, Silfies' counsel made reference to the RULWA in

his closing argument apparently in an effort to persuade the jury to disregard the opinion of the

City's expert engineer, John Nawn ("Nawn"). *N.T. June 14, 2019*, at 29:13-30:6, 55:13-56:8.

That was a tactical decision by Silfies' counsel. It was not prompted by any references to the

RULWA made by the City in its closing argument. *See, N.T. June 14, 2019*, at 66:24-91:19. It

is entirely possible that Silfies' continued references to the RULWA after he was informed the

court would instruct the jury to disregard all evidence of the RULWA and, in the absence of any

such references made by the City, created any confusion about which Silfies now complains.

Finally, after the entry of the verdict, Silfies requested the jury be polled. *N.T. June 14,*

*2019*, at 161:22-23. Eleven out of the twelve jurors answered a simple "no" to the first question

"Was the City of Allentown negligent." No juror, including the juror who had responded "yes"

to that question, made any statement that would indicate any juror was confused. *N.T. June 14,*

*2019*, at 162:1-25.[7]

### II. The Court's Response to the Jury's Question

Silfies claims the court failed to respond properly to the jury's question by not re-reading

the charges on negligence, factual cause, comparative negligence and the duty of a landowner to

---

[7] The court extended an invitation to both counsel to meet for pedagogical reasons with those jurors who wished to remain voluntarily after the verdict had been recorded and the jury formally dismissed. *See, N.T. June 14, 2019*, at 161:22-23. *N.T. June 14, 2019*, at 164:7-10. The court advised the jury in the presence of counsel that such meeting was not public and not subject to an appeal. *Id.* at lines 11-12. Silfies argues that juror discussions during this meeting proved that the jury was confused about issues in the case. It is well settled that a trial court may not consider evidence outside the record in making its determination. *Commonwealth v. McCullough*, 201 A.3d 221, 243 (Pa. Superior Ct. 2018). Silfies has raised another allegation of error based upon these discussions concerning Silfies' choice to use the pedestrian bridge rather than taking an alternate route to the picnic area. The court cannot consider the off-the-record discussion as the basis for the requested relief. *Id.*

a public invitee and failed to answer the jury's question concerning the duty owed to persons with disabilities.

The standard jury instructions on the issues of negligence, factual cause and public invitee status had already been given to the jury. Silfies did not object to them at that time; her only objection to the charge was to the mitigation of damages charge. *N.T. June 14, 2019*, at 137:3-12. There was no need to repeat charges already given to the jury absent a specific request from the jury as the jury charge accurately reflected the applicable law. *Czimmer v. Janssen Pharmaceuticals, Inc.*, 122 A.3d 1043, 1052 (Pa. Super. Ct. 2015). Furthermore, Silfies did not object that the negligence charges were not re-read in response to the jury's question or that the jury was returned to its deliberations. *Dilliplaine v. Lehigh Valley Tr. Co.*, 322 A.2d 114, 116 (Pa. 1974).

In response to the jury's question, Silfies' counsel requested a charge regarding the American with Disabilities Act,[8] ("ADA") alleging the City's failure to properly advise Silfies about handicapped accessible entrances to the park contributed to causing the injuries Silfies suffered. *N.T. June 14, 2019*, at 152:3-10. That request was denied because a violation of the ADA was not pled, and although there was some testimony regarding the ADA,[9] neither party requested an instruction on the ADA prior to the commencement of deliberations. That issue was deemed waived. *N.T. June 14, 2019*, at 153:9-12. *See, Jones v. Ott*, 191 A.3d 782, 792 (Pa.2018). As Silfies acknowledged in her brief in support of her post-trial motions, "the real issues in the case, [were] whether there was a hazardous condition that the City had actual and/or constructive notice of and negligently failed to correct, guard or warn, etc. ...." Plaintiffs' [sic] Brief in Support of Post-Trial Motions for a New Trial, filed August 28, 2019, at 11.

---

[8]    Pub. L. No. 101-336, 104 Stat. 328 (1990).
[9]    *See, N.T., June 13, 2019, at 49-50, 56:5.*

11

### III. Evidence Concerning Choice of Paths or Assumption of Risk

Silfies claims the court erred by denying her pre-trial motion in limine that would have precluded the City from offering evidence at trial that would tend to prove that Silfies' decision to cross the pedestrian bridge was a conscious assumption of a known risk of harm, commonly called the choice of paths doctrine. That doctrine concerns a reasonable person's assumption of a known or obvious risk of harm, and "if so, whether a safe way was available so that it is clear that [Silfies] assumed the risk, and [this remained] a question of fact for the jury." *Commonwealth v. Harris*, 522 A.2d 184. 186 (Pa. Commw. Ct. 1987).   The City had submitted two requested points for charge regarding assumption of risk and the choice of paths doctrine.  The City withdrew the requested point for charge regarding the choice of paths doctrine, *N.T. June 14, 2019*, at 16:17, and the court sustained Silfies' objection and withdrew the point for charge regarding assumption of risk. *N.T. June 14, 2019*, at 16:25. Thus, the jury was not instructed on either point of law, so Silfies suffered no prejudice in this regard.

At trial Silfies acknowledged her appreciation of the risk she took while stepping down from the pedestrian bridge and onto a stone step. She admitted that in hindsight she should have stopped, waited for help, and that she would hesitate whenever faced with a decision to use steps. *N.T. June 11, 2019*, at 85:19-86:7, 87:8-11. The City's reference to Silfies' testimony during its closing argument was fair comment and proper to rebut Silfies' contention that she had little time to truly appreciate the risk of harm that crossing the pedestrian bridge posed to her. The City's

12

argument was neither inflammatory nor prejudicial and was relevant to the issue of Silfies' alleged comparative negligence. [10]

Since the jury found the City was not negligent, neither the choice of paths doctrine nor the assumption of risk doctrine was at issue, rendering any alleged error harmless. *Boyle v. Independent Lift Truck, Inc.*, 6 A.3d 492, 496 (Pa. 2010). ("[W]here a jury ...finds no negligence on the part of a defendant, purported error regarding questions of comparative and/or contributory negligence are non- prejudicial and does not serve as a basis for the award of a new trial."). Finally, Silfies has also waived any allegation of error regarding the City's closing argument by failing to object at the time the statement was made or at the completion of the City's closing argument. *Commonwealth v. Williams*, 455 A.2d 632, 634 (Pa. 1983).

### IV. The Testimony of the City's Liability Expert, John Nawn

The court denied Silfies' proposed instruction that the jury disregard all testimony by John Nawn, the City's expert in civil engineering, pedestrian safety and walkway surfaces. Instead, the court instructed the jury to disregard all evidence of the RULWA; it did not instruct the jury to disregard all of the testimony from Mr. Nawn. Although Mr. Nawn had testified on the applicability of the RULWA, he also testified to the condition of the pedestrian bridge and opined it presented no hazardous conditions, all of which were relevant to the issue of negligence. Specifically, he testified he walked across the bridge at least a half dozen of times and took photographs and measurements of it. He showed the jury the photographs while describing the bridge and determined the bridge presented no hazardous conditions and was not unsafe. *See, e.g., N. T. June 13, 2019*, at 37-38, 45-48, 51, 58, 63, 65 and 70. That testimony was relevant to Silfies' own understanding that "the real issues in the case, [were] whether there

---

[10] The court instructed the jury using Pa.S.S.C.J. 1. 13.180- Plaintiff's Comparative Negligence. Both counsel agreed to the submission of this instruction to the jury.

13

was a hazardous condition that the City had actual and/or constructive notice of and negligently failed to correct, guard or warn, etc. ..." Plaintiffs' [sic] Brief in Support of Post-Trial Motions for a New Trial, filed August 28, 2019, at 11.

### V.  Testimony Concerning the City's Maintenance of Another Bridge

Silfies claims the court erred in granting the City's *motion in limine* precluding Silfies from presenting any evidence regarding another pedestrian bridge at the City's Cedar Beach Park, which is a separate and different park in the City.  Silfies contended evidence regarding the care and maintenance of a pedestrian bridge at its Cedar Beach Park would have been relevant on the issue of the City's knowledge of the alleged defects that were present in the pedestrian bridge used by Silfies at Daddona Park.

Silfies fell at Daddona Park using a pedestrian bridge constructed and maintained within its confines.  Any evidence proffered regarding the pedestrian bridge at another, separate and distinct park is not relevant to prove liability for Silfies' fall at Daddona Park. Any comparison between the pedestrian bridges at the two parks, even if tangentially relevant, would have unduly confused or misled the jury as the proffered evidence would have tended to suggest that the City was obligated to construct and maintain the pedestrian bridges at Daddona Park in the same manner as Cedar Beach Park, and any alleged failure to do so would be evidence of negligence. *Crespo v. Hughes,* 167 A.3d 168, 180 (Pa. Super. Ct. 2017) (A court has broad discretion to exclude potentially misleading or confusing evidence.). Generally, the admission of evidence of other circumstances is extremely limited, and only relevant if it tends to make material issues more or less probable. *Harkins v. Calumet Realty* Co. 614 A.2d 699, 703 (Pa. Super. Ct. 1992).

14

## VI. Cross-Examination of John Nawn Concerning Ways to Make the Bridge Safer

Silfies claimed the court erred in limiting the cross examination of the City's expert engineer, John Nawn. Mr. Nawn was asked whether there was any way to make the bridge's descent safer to pedestrians. *N.T. June 13, 2019*, at 104:11-13. He responded, "Well, I don't think it's unsafe to begin with." *Id.* at 11-15. Silfies was then precluded from asking the witness whether the bridge's descent could be made "safer" for pedestrian use. *N.T. June 13, 2019*, at 104:16-19.

Whether the pedestrian bridge could be made safer for future pedestrian use would not assist the jury in determining whether the City breached its duty of care to Silfies on July 20, 2015. *See*, Pa.R.E. 401. ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.") *Id.* The City was not obligated to provide a "safer" bridge, but to provide a bridge that did not pose a hazardous condition or that was not negligently maintained.

## VII. Silfies' 2013 Summary Conviction for Retail Theft

Silfies claims her 2013 summary conviction for retail theft should not have been admitted into evidence because it was not a conviction for a crime and Silfies was too poor to pay the costs for expungement. Summary retail theft is a crime. *See, Commonwealth v. Young*, 638 A.2d 244, 246 (Pa. Super. Ct. 1994). When attacking the credibility of a witness, Pa.R.E. 609 requires the admission of evidence that the witness has been convicted of a crime involving dishonesty or false statement. Title 18 Pa.C.S.A. §9122(b)(3)(i) allows for an individual to petition the court for the expungement of a summary offense when they have been free of arrest or prosecution for five years following their conviction. Whether Silfies could have obtained expungement of the conviction record is not relevant; the conviction was not expunged.

15

## Conclusion

Silfies is clearly disappointed with the jury's decision that the City was not negligent in maintaining the bridge. However, there is no basis to conclude she is entitled to a new trial. Accordingly, her post-trial motions are denied.

BY THE COURT:

December 5, 2019        Edward D. Reibman, P.J.

16